UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



FILED
MAILROOM

SEP − 5 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

DAVID A. STEBBINS     PLAINTIFF

VS     CASE NO. 1:14-cv-00961

EDUCAP, INC., MORGAN DOUGHTY
NICHOLAS HOOD, RICHARD HOOD     DEFENDANT
HOOD & STACY, P.A.

### MOTION AND INCORPORATED BRIEF THEREOF TO RESTRICT ORAL ARGUMENTS AND FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENTS BY PHONE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for an accommodation, in light of Plaintiff's financial status.

1. Plaintiff has been granted leave to proceed *in forma pauperis* in this case. See Doc. 5. Therefore, this Court knows that Plaintiff is entirely indigent. Please make sure to read ¶ 12 of this Motion, just in case there may be some other consolation the Court can offer Plaintiff.

2. However, on Saturday, August 30, 2014, Plaintiff was reading the Local Rules for the Eastern District of Virginia, so he could be prepared for this case.

3. In these Local Rules, Plaintiff found Rule 7(E), which stated, in pertinent part, the following:

    (a) If Plaintiff files a motion, he must have the motion set for oral argument within thirty (30) days after it gets filed.

    (b) The motion is deemed withdrawn if not set for oral argument within thirty days.

4. Plaintiff does not have the funds to come to Virginia for anything except the trial. In fact, Plaintiff does not even have a *vehicle*, right now! Yes, the only way Plaintiff will be able to even come to Virginia for the *trial* is by obtaining a ride from one of the Harrison-based

witnesses who will testify in Plaintiff's behalf in this case.

5.  Mind you, the odds of this case not being resolved on summary judgment are slim. Plaintiff is basing his claim off of acts which are public record, here in Arkansas. Once this case gets underway, and once the 26(f) Conference is completed, Plaintiff will likely file a motion for partial summary judgment immediately, providing certified records of the Arkansas lawsuit the Defendants filed against him, and proving that, at the very least, to pass judgment pursuant to the legal argument made in ¶¶ 22-23 of the Complaint in this case (Doc. 1).

6.  However, that still requires that at least one motion – filed by the Plaintiff, for that matter – be set for hearing, or disposed of without hearing.

7.  Without any witnesses for Plaintiff to grab a ride from, Plaintiff would have to make the journey on his own, and he simply cannot do that right now. At least not until this afore-mentioned Motion for Partial Summary Judgment is granted (with a Rule 54(b) Certificate, to boot).

8.  To accommodate Plaintiff's financial status, Plaintiff asks that the Court make the following reasoning accommodations for Plaintiff:

   (a)  That the Court always try to resolve all motions in this case without an oral argument, if at all possible.

   (b)  That, if an oral argument is unavoidable, that Plaintiff be allowed to participate in the oral argument by phone.

9.  In the alternative, Plaintiff would not object if the Court were to appoint counsel in this case, pursuant to its authority under 28 USC § 1915(e)(1). Plaintiff is simultaneously filing an "Alternative Motion for Appointment of Counsel," so perhaps that Motion could be granted instead.

Witnesses who will testify on Plaintiff's behalf reside in or near Plaintiff's hometown of a small town in Georgia. At this case is not being adjudged on summary judgment are slim. Plaintiff is basing his claim of facts as told are public record, here in Arkansas. Once this case gets underway and once the 26(f) Conference is completed, Plaintiff will likely file a motion for partial summary judgment in regards only pertaining to the facts alone as sworn to through Defendants' affidavits and/or by sworn testimony, as well as to the legal argument made in ¶¶ 17-23 of the Complaint in this case. (Doc. 1).

6.  However, that suit requires that at least one issue – filed by the Plaintiff, for the matter – be set for hearing, or disposed of without recusal.

7.  Without any witnesses for Plaintiff to grab a ride from, Plaintiff would gauge to make the investment on his own personal finances to fly there for such a day, especially though such investment be for and contract summary judgment – means to move with a Rule 56(b) Certificate, but is not readily possible.

8.  To accommodate Plaintiff's financial strain, Plaintiff asks that the Court make the following reasoning accommodations, for Plaintiff:

(a)  "[That a] Videoconferencing, from a private tele-conferencing source within the City, if at all possible."

(b)  That if oral argument is unavoidable, then Plaintiff be allowed to participate in the past appearances phone.

9.  "Alternatively, Plaintiff would not object if the Court were to appear counsel in this publicized fashion, under the F.R.C.P. 19(c) early, Plaintiff is likewise interested in filing an "Alternative Motion" for a prohibition of Counsel," "or perhaps that Mark would be granted leave..."

10. The privilege to participate in oral arguments by phone is, in Plaintiff's humble opinion, a reasonable accommodation, for the reasons set forth below:

(a) Plaintiff is willing to bear the responsibility of making the call. As long as the Court provides Plaintiff with a phone number, he can make the call.

(b) Plaintiff has a webcam and a Skype application (the Court's IT Department can tell you about Skype, if the Judges do not already know), so there is a way the Court can *see* Plaintiff's body language, if it needs to.

(c) The Local Rules specifically allow the parties – not the Court, but the parties – to submit the motion to the Court without oral argument. Thus, the Court obviously believes that nearly every motion could be resolved without oral argument if the parties so choose.

(d) Also, since the parties can, mutually, submit motions to the Court without oral argument, the Court could probably impose a Rule 11(c) Sanction on the Defendants if they tried to set a motion for hearing *without* allowing Plaintiff to participate by phone. Couldn't the Court simply make the finding that such an attempt by the Defendant constituted an attempt to "needlessly increase the cost of litigation?" *Especially* if it appears that an oral argument is only necessary because they themselves would not give sufficient detail in their written filings? Wouldn't that appear as the sort of thing a Defendant – especially a Defendant whose back is to the wall, such as in this case (after all, Plaintiff has *public records* to prove his case) – would do in a *deliberate attempt* to get the case thrown out on a technicality?

11. Therefore, Plaintiff asks that this Court have some courtesy for Plaintiff's current financial status, and do its best to accommodate Plaintiff. Plaintiff is willing to accommodate the Court to the extent he is physically able; he only asks that the Court do the same for him.

13. Otherwise, there is always the [illegible] — [illegible] Pro Se litigant — [illegible] [illegible] accommodations [illegible] the Defendant [illegible]

(a) Plaintiff is willing to bear the responsibility of making the call. As long as the Court provides Plaintiff with a phone number he can make the call. [illegible]

(b) Plaintiff [illegible] tell [illegible]

[illegible] Plaintiff's body language if it needs to.

(c) The Local Rules specifically allow the parties — and the Court, on the parties — to submit the motion to the Court without oral argument. Thus, the Court obviously believes [illegible] determine the motion [illegible] without oral argument if the parties so choose.

(d) Also, since the parties can, [illegible] submit motions to the Court without oral argument, the Court could possibly [illegible]. [illegible] the Defendants [illegible] tried to set a motion for hearing [illegible] allow the Plaintiff to participate by phone? Couldn't the Court simply make the finding that such an attempt by the Defendant constituted an attempt to needlessly increase the cost of litigation? Especially if it appears that an oral [illegible] written filings? Wouldn't that appear as the sort of thing a Defendant — especially a Defendant whose back is to the wall, such as in this case [illegible], Plaintiff has public [illegible] records to prove his case — would do [illegible] to win the case through a technicality?

14. Therefore, Plaintiff asks that this Court have some courtesy for Plaintiff's current financial status and do its best to accommodate Plaintiff. Plaintiff is willing to accommodate the Court to the extent he is physically able; he only asks that the Court do the same for him.

12. Of course, there is always the possibility that Plaintiff – being a *pro se* litigant – may have completely misread the Local Rules. Perhaps Plaintiff can arrange for resolution of a motion without oral argument, without the consent of the opposing party. Perhaps the opposing party may be *required* to cooperate with Plaintiff's attempts to submit motions to the Court without a hearing (in much the same way they are *required* to cooperate with Plaintiff's legitimate discovery requests). If Plaintiff has misinterpreted this Local Rule, then the Court, in denying this Motion, need only explain the Local Rule's true meaning to Plaintiff.

13. Wherefore, premises considered, Plaintiff respectfully requests that he be given leave to participate in any oral arguments in this case by phone.

14. So requested on this, the 3rd day of September, 2014.

*/s/ David Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com