UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**DAVID A. STEBBINS**                                                                      **PLAINTIFF**

**VS**                               **CASE NO. 1:14-cv-00961**

**EDUCAP, INC., MORGAN DOUGHTY**
**NICHOLAS HOOD, RICHARD HOOD**                                    **DEFENDANT**
**HOOD & STACY, P.A.**

## ALTERNATIVE MOTION FOR APPOINTMENT OF COUNSEL

Comes now, *pro se* Plaintiff David Stebbins, who – in the event that the simultaneously-filed "Motion and Incorporated Brief Thereof to Restrict Oral Arguments and for Leave to Participate in Oral Arguments by Phone" is denied by the Court – hereby submits the following Alternative Motion for the Court to appoint counsel for Plaintiff.

1. The Court has authority to grant this motion, pursuant to 28 USC § 1915(e)(1).

2. The Court's discretion to appoint counsel is governed by the precedent of Whisenant v. Yuam, 739 F. 2d 160, 163 (4th Cir. 1984), which states, in pertinent part, "if it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." See *id* at 163 (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978)).

3. Plaintiff undeniably has a colorable cause of action, as evidenced by the fact that this Court conducted a review of the Complaint under 28 USC § 1915(e)(2)(B), and allowed one Defendant and all claims to remain.

4. This leaves us with only one other question: Does Plaintiff lack the capacity to present his case?

5. Well, if the simultaneously-filed "Motion and Incorporated Brief Thereof to Restrict Oral

Arguments and for Leave to Participate in Oral Arguments by Phone" is granted by the Court, OR if the consolation spoken of in ¶ 12 of that Motion (where Plaintiff speculates that he may have misread the Local Rule) is not offered, then the answer to that question is "No, Plaintiff clearly does not lack the capacity."

6. However, if that Motion is granted, without the reassurance that Plaintiff has misread the Rule, then Plaintiff indeed would lack the capacity to adequately present his case, not as a result of any lack of intelligence or knowledge of court procedure, but due to a simple inability to come to Virginia every month to attend the hearings.

7. Thus, with the second element established, Plaintiff asks that this Court, acting pursuant to the discretion afforded it under 28 USC § 1915(e)(1) and elaborated on by the cases of *Whisenant v. Yuam*, 739 F. 2d 160, 163 (4th Cir. 1984) and *Gordon v. Leeke*, 574 F. 2d 1147, 1153 (1978), to appoint counsel to represent Plaintiff in this case.

8. So requested on this, the 3rd day of September, 2014.

*/s/ David Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com