

UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DAVID A. STEBBINS     PLAINTIFF

VS     CASE NO. 1:14-cv-00961

EDUCAP, INC.     DEFENDANT

## MOTION AND INCORPORATED BRIEF TO COMPEL SERVICE OF PROCESS

1. Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion and Incorporated Brief thereof to Compel the United States Marshal to comply with the order issued to it in this case to serve process on the Defendant Educap, Inc.

2. Please pay special attention to Paragraphs #14 & #15 of this Motion. These paragraphs are essential to avoiding potential sanctions under Fed.R.Civ.P. 11.

3. The Clerk completed the paperwork for the Marshal and submitted it to them on the date of September 3, 2014. See Doc. 8.

4. As of the time of this motion's mailing (which is September 17, 2014), the Marshal has not filed any receipt with the Clerk to show that he has conducted service.

5. As of the time of this mailing, it has now been an entire fortnight. The Marshal has had plenty of time to conduct service of process.

6. Plaintiff has contacted the US Marshal Service about ten times already, to try and check on the status of the service of process in this case. So far, Plaintiff has gotten the Marshal's voicemail every single time, and not once has any of Plaintiff's calls been returned.

7. Plaintiff has recorded his most recent attempt to obtain this information. He had learned, from previous attempts, that the service of process in this case was assigned to the Richmond office. As a result, he called the Richmond office on September 17, 2014, and asked to speak to

the Service of Process division. This request was granted, and Plaintiff was transferred to an officer by the name of "Brandon Stonnicker," or something like that.

8. However, Plaintiff was simply give the officer's voicemail ... again.

9. Plaintiff left a message on the officer's answering machine, advising this officer that Plaintiff was suspicious of this delay (wondering if he had any intention at all of complying with the court's nondiscretionary order), and advising him that a failure to receive any news on the matter by the end of that business day would result in this motion being filed.

10. As stated before, Plaintiff recorded this call, and even uploaded that recording to Youtube so the Court can listen to it. To listen to this Exhibit, please go to the following weblink: https://www.youtube.com/watch?v=uOb0TtI3nhc

11. If the Court tries that link and it fails[1], the Court has Plaintiff's email address; thus, the Court can contact Plaintiff for a weblink that it can actually click on.

12. It is now the evening of September 17, 2014, after business hours, and as you may have guessed, Plaintiff did not receive the requested information by the set deadline.

13. Two weeks is more than enough time for the marshal to perfect service of process on the Defendants, since they have a publicly known registered agent. Thus, their failure to return the receipt of service by this point is inexplicable by anything other than their own personal failure to do so.

14. It is entirely possible that Plaintiff is simply overreacting. Plaintiff has never had to wait this long for simple service of process in the past, but then again, he has never filed suit in this Court before. Maybe it usually does take this long.

15. If that is the case, then Plaintiff asks that the Court tell Plaintiff how much time should

---

[1] This could happen, since the Court is most likely going to have to enter this link manually, since the Court's manner of filing papers will prevent the court from simply clicking on the link. Thus, if the Court gets even one letter wrong, the link would likely fail.

pass before there is a presumption of procrastination. However, Plaintiff asks that the Court be gracious with its time estimates. After all, the Defendant has a publicly-known registered agent, and the Marshal has refused to return numerous calls concerning this matter. Even if the time span, alone, is insufficient to create a presumption of bad faith procrastination, these two certainly help to push the situation in that direction. If it was not intentional at first, it has become such.

16. Thus, even if this Motion is denied, Plaintiff humbly asks the Court to accept that it was filed in good faith.

17. If the Court, however, finds that there is sufficient reason to create a presumption of procrastination, then Plaintiff asks that the Court impose upon the Marshal's Office an appropriate sanction for their failure to serve process, up to and including …

   (a) Treating as a contempt of court their failure to obey the Court's direct and ministerial order listed in Doc. 7 of this Case.

   (b) Ordering that the Marshal compensate Plaintiff for the cost of soliciting the services of a privately-retained process service agent.

18. Wherefore, premises considered, Plaintiff respectfully requests that the U.S. Marshal Service be forced to do the job it was assigned, and for whatever other relief to which he may be entitled. So requested on this, the 17th day of September, 2014.

*David Stebbins* (signature)

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com