UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DAVID A. STEBBINS                                                                   PLAINTIFF

VS                          CASE NO. 1:14-cv-00961

EDUCAP, INC.                                                       DEFENDANT

## RESPONSE IN OPPOSITION TO [014] MOTION FOR EXTENSION OF TIME AND FOR RULE 11 SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Response in Opposition to [014] Defendant's Motion for Extension of Time to File Responsive Pleading, and also for the Defendants to be sanctioned for violation of Rule 11(b)(1) & Rule 11(b)(3).

### SUMMARY OF ARGUMENT

1. Plaintiff's position on this argument can be summed up thusly: There is evidence to suggest that the Defendant is acting in bad faith, seeking an extension for the sole purpose of delay, and are simply using the alleged need to investigate the claims as a pretext for their true desire: To simply delay the proceedings.

2. For this reason, the Motion for Extension of Time to File Responsive Pleading should be denied.

3. Barring a finding of bad faith, the Motion for Extension of Time should still be denied, as there are already several alternative remedies that do not require delays.

4. Please find, attached to this response, an email conversation between Plaintiff and the Defense Counsel.

### BACKGROUND

1. On September 16, 2014, the U.S. Marshal Service served process on the Defendant through its registered agent. Although no receipt of service has yet been uploaded to PACER, it

does not seem to matter, as the Defendant is making an appearance in this case, nonetheless.

2. At 4:59PM (central time zone) on September 30, 2014, Plaintiff received an email from Defense Counsel, which stated the following: "In order to investigate the claims raised in the Complaint, we are requesting an additional fourteen (14) days, up to and including, October 21, 2014, to file a responsive pleading to the Complaint."

3. That evening, at 6:55PM (central time zone) Plaintiff replied to that email, asking why the extension was needed.

4. The next morning, at 9:51AM (central time zone) after Plaintiff had a chance to rest, he noticed that the Defense Counsel already told him that the reason for the extension was to understand and investigate the claims.

5. Pursuant to this newfound understanding, Plaintiff attempted, in good faith, to help them resolve this dilemma without the need for an extension.

6. The Defense Counsel, however, would have none of it. They were not interested in resolving this issue quickly and without unnecessary delay. They wanted an extension, and they wanted *specifically* an extension. Nothing else would satisfy them.

7. Thus, at 11:37AM, Defense Counsel attached, to Plaintiff, a copy of the Motion for Extension of Time.

8. In the body of this 11:37AM email, the Defendants simply reiterated "We are requesting the extension of time in order to properly understand and investigate the claims raised in the Complaint." They never answered the question that Plaintiff asked them: "what exactly do you need to investigate?"

9. At 1:12PM (central time zone), Plaintiff replied to this email, explaining that their email was without merit and was filed in violation of Rule 11.

10.     Apparently, the Defense Counsel did not take this warning to heart, and filed the frivolous motion anyway.

11.     A copy of this email conversation is hereby attached to this Opposition as Exhibit A.

## ARGUMENT

12.     Motions for extensions of time are generally disfavored by the Virginia federal district courts. See VA Local Civil Rule 7(I). This Local Rule leads Plaintiff to believe that the Court will generally only grant such a motion for exigent circumstances, and only if no other, adequate relief is available.

13.     If a party – either by itself (such as Plaintiff, proceeding *pro se*) or through counsel – submits a pleading, motion, or any other written filing, their signature on said filing constitutes an oath that, among other things ... "it is not being presented for any improper purpose, such as to ... cause unnecessary delay, or needlessly increase the cost of litigation;" and "the factual contentions have evidentiary support." See Fed.R.Civ.P. 11(b)(1) & 11(b)(3), respectively.

14.     As Plaintiff pointed out in his complaint, Plaintiff has filed numerous lawsuits in the past that were for ADA Discrimination and ADA Retaliation. As such, he has extension experience in identifying "pretextual" excuses (excuses given an official grounds for justifying their actions or omissions, but which are actually fake, and designed to cover up for their real, unlawful grounds).

15.     That being said, Plaintiff asserts that the Defendants are using the need to "investigate" and "understand" the Complaint as a pretextual grounds, since their real reason for wanting the delay (simply trying to delay Plaintiff's inevitable summary judgment for millions of dollars, which is indeed inevitable, since the evidence to support it is public record) would not hold up in court.

16. Plaintiff's evidence for this belief is found in the attached email conversation. There are two things that the Court should view, that provide evidence of this pretext:

### Reason No. 1: Apathy towards alternate solution

17. At 9:51AM CT, Plaintiff attempted, in good faith, to assist them in obtaining the evidence they needed to investigate, so as to make this delay unnecessary. If this was, honestly and truly, what the Defense cared about, they would have gleefully accepted the assistance that Plaintiff was offering.

18. But instead, they demonstrated apathy towards Plaintiff's offer. They instead acted as if their real goal was getting the extension.

19. This shows evidence that the extension was what they truly wanted, rather than the means to the end. This is called "sociology," also known as "behavioral science."

20. It is a matter of common knowledge that human beings tend to be apathetic towards things that do not support their goals. A simple observation of everyday life can show this.

21. The Defense would have the Court believe that their goal is to better understand the claims raised in the Complaint, and that the extension of time was simply the means to the end. However, when a Defendant demonstrates apathy towards a means of assisting them in quickly and efficiently understanding the claims raised in the Complaint, that shows evidence that understanding the claims is, in fact, not their goal. Rather, it suggests that the extension itself was their goal ... solely for the sake of the extension.

22. The only plausible explanation for the Defendant's apathy towards Plaintiff's suggestion is ... it would not solve their problem. Meaning that their problem is NOT "understanding the claims."

23. Additional evidence of pretext can be found in their particular style of communication.

Particularly ...

### Reason No. 2: The Defense's "hit and run" communication style.

24. Even without Plaintiff's email at 9:51AM (where he withdraw his previous question of "why do you need this extension" and instead asked for clarification), the Defense has still demonstrated a desire for the extension, over the desire to understand the claims raised in the Complaint.

25. Specifically, the Defense proceeded to file the Motion for Extension at the drop of a hat. Plaintiff replied to the Defense's request for extension of time, and although he did not specifically say that he opposed the extension, that did not matter to them. Because he did not, without condition or complaint, instantly consent to it, right away, they proceeded to file the motion all the same.

26. The pacing of the email conversation that has been attached to this Opposition can be summed up as follows:

    DEFENSE:    Hey, can we have some more time?
    PLAINTIFF:  Umm, why do you n ...
    DEFENSE:    Ok, you oppose it. Bye!

27. Thus, the Court can see that the Defense is more interested in the extension itself than actually understanding the claims, since it is clear that they only contacted Plaintiff at all simply because they must first seek the consent of the opposing party before filing the motion. This shows that they were simply interested in requesting the extension.

28. Speaking of this requirement ... there is a *reason* why the federal judiciary has this requirement *in the first place*! That reason is to, hopefully, avoid too much conflict before the case formally gets underway. If the court must constantly resolve disputes concerning the terms of the dispute resolution, the court will never get anywhere with its work.

29. This reason for this requirement, however, is only served if the moving party actually seeks, in good faith, to obtain the consent of the non-moving party. The type of hit-and-run communication depicted in the attached email conversation should – consistent with the reasoning behind this requirement's existence – not be sufficient to meet this requirement.

30. Of course, even if we assume, for the sake of argument, that the Defense is not filing this Motion for the purposes of delay, the Motion should still be denied as meritless because ...

### There are alternative means of obtaining the clarification the Defense supposedly desires.

31. Virginia Local Civil Rule 7(I) states that motions for extension of time are generally disfavored. This leads Plaintiff to believe that the Court will only grant such a Motion in the absence of adequate alternative remedies for whatever problem the extension was meant to cure.

32. If Plaintiff's speculation is correct, then the Defense's motion still lacks merit, even if they have not filed it for the sole purpose of delay, just for the sake of delay.

33. It is called ... the "Motion for More Definite Statement." This motion is governed by Fed.R.Civ.P. 12(e), which states the following:

> "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

34. Notice that this Rule requires the Defendant to state, with specificity, the reasons why the Complaint is too vague. This adds further credence to Plaintiff's claim that the Defense simply wants an extension and is using the excuse of "understanding the claims" in order to get it, rather than the other way around; at 9:51 AM CT on October 1, 2014, Plaintiff asked the Defense Counsel for the exact very details that would have been required in a Rule 12(e) Motion for

More Definite Statement. Their failure to give those details suggests that they have no details to give, which in turn suggests that they just made it up.

35. Now, if the Defense, at the October 10, 2014 hearing, manages to give some details, then that does not count. Why? Because the Defense has had an entire week to thing of some to use.

36. The fact that they could not offer these details on October 1, but suddenly are capable of offering them on October 10, shows that these details were, in fact, created in the interim. If they were created in the interim, they MUST be fake!

37. Again, Plaintiff has had extensive experience in proving pretext, which is why he is able to give such logical and coherent points, despite having so little time to prepare them.

38. Thus, on at least three different counts, the Defendant's Motion for Extension of Time to File Responsive Pleading deserves to be denied.

## CONCLUSION

39. Wherefore, premises considered, Plaintiff requests that the Motion for Extension of Time be denied, default judgment be entered against the Defendants, and any other relief to which Plaintiff may be entitled.

So requested on this, the 6th day of October, 2014.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com