UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED MAILROOM
OCT - 8 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

DAVID A. STEBBINS     PLAINTIFF

VS     CASE NO. 1:14-cv-00961

EDUCAP, INC.     DEFENDANT

### CONDITIONAL MOTION FOR DEFAULT AND FOR DEFAULT JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Conditional Motion for Default and, if that motion is granted, for default judgment.

1. The Defendant was served with process on September 16, 2014.

2. The three-week time limit for the Defendant to file its answer began on September 17, 2014. See Fed.R.Civ.P. 6(a)(1)(A).

3. Thus, the deadline for the Defendant to file its Answer is October 8, 2014.

4. On October 1, 2014, the Defendant – acting through counselor D. Margeaux Thomas – filed a Motion for a two-week extension of time to file its responsive pleading.

5. On October 3, 2014, the Court set this motion for *ex parte* hearing, ordering the Defendant to appear for the motion on October 10, 2014.

6. Filed simultaneously with this motion, Plaintiff has filed a Response in Opposition, explaining why he believes the motion should be denied, with reasons including, but not limited to, the fact that the Defense is likely simply trying to delay the proceedings, and using an alleged need to "understand the claims raised in the Complaint" as a pretextual excuse.

7. In the event that the Motion for Extension of Time is denied, it will be too late for the Defendant. By the time the Court gets around to denying the motion, their Answer will already be two days overdue.

8.  In the event that the Motion for Extension of Time is denied, Plaintiff asks that this Court enter the Defendants in default (either due to the time limit for their Answer expiring, or a punishment for their bad faith delay ... or both).

9.  Once the Defendants are listed in default, Plaintiff asks for ...

**Default Judgment**

10. If the Defendants are listed in default, everything except the extent of damages is automatically accepted in the Plaintiff's favor. Even the injuries themselves, and the Defendant's liability for them, are accepted by default.

11. This means that the Court must accept the following facts:

    (a) Plaintiff was heavily oppressed by the local government in this region, due to his exercise of his First Amendment right to court access.

    (b) The Defendant was contacted by Plaintiff's former oppressors and agreed to continue the harassment by filing a frivolous lawsuit against Plaintiff, in a blatant and malicious attempt to give Plaintiff a taste of what they considered to be his own medicine.

    (c) Memories of Plaintiff's most horrible days – where he was tormented and did not even know if he would make it out alive, let alone in one piece. See ¶ 83. See also ¶ 85 (referring to those conditions as "absolute torture").

    (d) The Defendant's frivolous lawsuit was the proximate cause of his reliving those memories.

12. As the Court can see from these facts, the Defendant is presumed to have been acting very heinously. A quarter of a million dollars in emotional distress damages is well within the bounds of reason for the torment they deliberately and maliciously caused Plaintiff to relive.

13. Furthermore, assuming – as a court must in a default judgment proceeding – that this was

done pursuant to a meeting of the minds to harass Plaintiff further, we must accept that the Defendant's actions were completely heinous. Thus, punitive damages in the amount of ten million ($10,000,000) is very much merited.

## CONCLUSION

14. Wherefore, premises considered, Plaintiff respectfully requests that the Defendant's Motion for Extension of Time be denied, thus giving way to this Motion for Default, which should be granted.

So requested on this, the 6th day of October, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com