

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DAVID A. STEBBINS            PLAINTIFF

VS            CASE NO. 1:14-cv-00961

EDUCAP, INC.            DEFENDANT

### SUPPLEMENT TO RESPONSE TO [014] MOTION FOR EXTENSION OF TIME

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following supplement, to correct a mistake he made in his Response in Opposition to [014] Defendant's Motion for Extension of Time.

1. It has come to Plaintiff's attention that he never attached a copy of the email conversation between himself and Defense Counsel, even though it was necessary, as it was referenced numerous times throughout the Response, and served as the basis for 99% of Plaintiff's evidence that the Defendant was acting in bad faith.

2. To correct this mistake, Plaintiff is attaching it now.

3. Wherefore, premises considered, Plaintiff requests that the Motion for Extension of Time be denied, default judgment be entered against the Defendants, and any other relief to which Plaintiff may be entitled.

So requested on this, the 6th day of October, 2014.

*/s/ David Stebbins*
_____
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

| | |
|---|---|
| Subject: | Re: Stebbins v. EduCap, Inc., Case No. 1:14cv961 |
| From: | David Stebbins (stebbinsd@yahoo.com) |
| To: | mathomas@williamsmullen.com; |
| Date: | Wednesday, October 1, 2014 1:12 PM |

Ok, you need to understand something:  The statement you made in Paragraph #5 is a blatant LIE!

And I'm not saying that you're simply mistaken, either!  No, I'm saying that you're LYING!  Because you're a lawyer, and that's what a lawyer does for a living!

You file that motion, as is, without revoking the blatant lie that you're telling in Paragraph #5, then ...

1.  My generous settlement offer that I sent your clients about a week ago is OFF THE TABLE!
2.  I will be filing a motion for sanctions under Rule 11(b)(2), because you did not make a reasonable inquiry into the facts.  Rather, you simply asked me for consent, and when I tried to discuss it with you, you just ASSUMED that I was against it!  You never even CONSIDERED the possibility - or even had the courtesy to ask me - if I would suffer any prejudice!

So, file that motion, and see what happens!  I dare you!


On Wednesday, October 1, 2014 11:37 AM, "Thomas, Margeaux" <mathomas@williamsmullen.com> wrote:

> Mr. Stebbins,
>
> We are requesting the extension of time in order to properly understand and investigate the claims raised in the Complaint.  Please see attached Motion and proposed Order which will be filed with the Court today.
>
> Thank you,
>
> D. Margeaux Thomas
> Attorney
> Williams Mullen
> 8300 Greensboro Drive
> Suite 1100
> Tysons Corner, VA 22102
> T 703.760.5216
> F 703.748.0244
> mathomas@williamsmullen.com
> www.williamsmullen.com
>
> Follow us on LinkedIn, Facebook, Twitter and YouTube.
>
> Sign up for legal email alerts here.
>
> NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.
>
> From: David Stebbins [mailto:stebbinsd@yahoo.com]

**Sent:** Wednesday, October 01, 2014 10:52 AM
**To:** Thomas, Margeaux
**Subject:** Re: Stebbins v. EduCap, Inc., Case No. 1:14cv961

Mrs. Thomas,

I apologize for the stupid question I asked last night. I had just gotten in after a hard day, and I was extremely tired.

I have now read the email again, and I realize that you've already answered my question: The reason you need this extension is "to investigate the claims raised in the Complaint."

May I ask ... what exactly do you need to investigate? If I can, I would be willing to assist you in gathering these materials, in the hopes of making this delay unnecessary.

A lot of this stuff should be easy to investigate. For example, my "statutorily protected activities" spoken of in ¶ 9 of the Complaint should be on PACER.

If you're trying to investigate the factual accuracy of ¶ 21 of the Complaint (where your clients attached a contract that didn't have my signature on it), I don't think you need an extension for that. You can probably call the Clerks' Office at (870) 741-5560. They've recently been preparing a certified record of the state court action at my request, and thus can tell you straight-up that I'm telling the truth in that portion of my Complaint.

If you don't trust them to tell the truth over the phone, why would you trust them to tell you the truth the mail?

So please, let me know if there's anything I can do to help you investigate this matter, so we don't have to delay the proceedings.

Sincerely,
David Stebbins
On Tuesday, September 30, 2014 6:55 PM, David Stebbins <stebbinsd@yahoo.com> wrote:

Why do you need this extension?

On Tuesday, September 30, 2014 4:59 PM, "Thomas, Margeaux" <mathomas@williamsmullen.com> wrote:

> Dear Mr. Stebbins,
>
> We have been retained to represent EduCap Inc. ("EduCap") in the above-referenced Lawsuit. In order to investigate the claims raised in the Complaint, we are requesting an additional fourteen (14) days, up to and including, October 21, 2014, to file a responsive pleading to the Complaint. Please confirm whether or not you will consent to the requested extension of time.
>
> Please direct all future communication regarding this matter directly to my attention.
>
> Thank you,

D. Margeaux Thomas
Attorney
Williams Mullen
8300 Greensboro Drive
Suite 1100
Tysons Corner, VA 22102
T 703.760.5216
F 703.748.0244
mathomas@williamsmullen.com
www.williamsmullen.com

Follow us on LinkedIn, Facebook, Twitter and YouTube.

Sign up for legal email alerts here.

NOTICE: Information contained in this transmission to the named addressee is proprietary and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.