IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID A. STEBBINS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:14cv961 |
| ) | |
| EDUCAP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EDUCAP INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant, EduCap Inc. ("EduCap" or "Defendant"), by counsel, hereby files this Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, against Plaintiff David A. Stebbins ("Plaintiff").

## I.   INTRODUCTION

Despite the inclusion of an abundance of superfluous information and unsubstantiated legal conclusions, the gravamen of Plaintiff's Complaint is simply stated: (i) on January 2, 2014, EduCap filed a lawsuit against Plaintiff to collect on a delinquent student loan debt (the "Collection Action"); (ii) Plaintiff responded to the Complaint by filing a Motion to Dismiss alleging lack of proper service of process; and (iii) EduCap decided to voluntarily dismiss the Complaint without prejudice due to the alleged service of process issue.  Plaintiff then filed the instant action against EduCap incredulously seeking $5.50 in compensatory damages, $250,000 in emotional distress damages, and $10,000,000 in punitive damages, based upon the erroneous legal theory that EduCap's Collection Action constitutes malicious prosecution and is a violation of 42 U.S.C. § 12203(a) of the Americans with Disabilities Act ("ADA").  *See* Compl. ¶¶ 54-86.

Plaintiff's claims for malicious prosecution and for violation of the ADA are without merit.  Primarily, there is no genuine issue of material fact regarding whether Plaintiff owes the debt which formed the basis of the Collection Action.  Plaintiff also fails to plead the required elements to state a claim for malicious prosecution, namely lack of probable cause and malice.  Second, Section 12203 of the ADA does not provide for a private right of action for monetary damages against EduCap.  Additionally, even assuming Section 12203 is applicable; Plaintiff's bald assertions and speculation fail to plausibly allege any of the required elements to state a claim for retaliation.  Accordingly, EduCap is entitled to judgment as a matter of law on Plaintiff's claims for malicious prosecution and for violation of Section 12203 of the ADA.

## II.     UNDISPUTED MATERIAL FACTS

1. On or about August 15, 2007, Plaintiff applied for and was approved for a student loan in the amount of $5,000 through the Loan to Learn program.  *See* Shepherd Decl. ¶ 4 attached hereto as <u>Exhibit 1</u>; *see also* a copy of the Combined Private Education Loan Application and Promissory Note which is endorsed by the Plaintiff and attached to Shepherd Decl. as Exhibit A.[1]

2. On August 16, 2007, EduCap distributed the proceeds of the student loan by check number 35467 payable to David A. Stebbins. Shepherd Decl. ¶ 5.  Plaintiff endorsed the disbursement check and received the loan proceeds on or about August 21, 2007.  *See* Shepherd Decl. ¶ 5; *see also* a copy of the Loan Check which is endorsed by the Plaintiff and attached to Shepherd Decl. as Exhibit B.

---

[1] Despite Plaintiff's apparent denial in Paragraph 61 of the Complaint of never having done any business with Educap prior to the filing of the Collection Action, Paragraph 23 of the Complaint appears to acknowledge that there is a debt and that EduCap may have "misplaced the copy of the contract that bore the Plaintiff's signature" and that EduCap should have done "the right thing and take[n] the loss." *See* Compl. ¶ 23.

2

3.      Plaintiff failed to make the required payments under the Promissory Note, and therefore, is in default hereof.  *See* Shepherd Decl. ¶¶ 6-7; *see also* a copy of the Balance Sheet attached to Shepherd Decl. as Exhibit D.

4.      On or about January 2, 2014, EduCap filed a Complaint in the Circuit Court of Boone County, Arkansas against Plaintiff (the "Collection Action Complaint") seeking to collect $4,444.28, plus interest and costs, due and owing from Plaintiff under the Promissory Note.  Compl. ¶ 18; *see also* Collection Action Complaint, attached hereto as Exhibit 2, ¶ 2 ("the underlying obligations owed by the [Plaintiff] to [EduCap] result from a default pursuant to the terms of an agreement made by [Plaintiff] with EduCap, Inc.").

5.      Attached to the Collection Action Complaint as "Exhibit A" is a copy of the "Federal and State Notices" which detail EduCap's right to pursue collection of the Promissory Note upon the Plaintiff's default.  *Id.*

6.      Attached to the Collection Action Complaint as "Exhibit B" is an affidavit by Marc Maiorea, the Director of Default Management of EduCap Inc., attesting to the fact that Plaintiff has not made consistent monthly payments, and that the books and records of EduCap reveal that there is a total balance due of $4,748.17.  *Id.*

7.      On or about May 5, 2014, Plaintiff filed a Motion to Dismiss or in the Alternative for Summary Judgment alleging that EduCap failed to properly serve process on the Plaintiff.  A copy of the Plaintiff's Motion to Dismiss is attached hereto as Exhibit 3.

8.      Upon consideration of Plaintiff's allegations regarding improper service of process, EduCap sought the entry of an order voluntarily dismissing the Collection

Action Complaint without prejudice to re-filing. *See* Shepherd Decl. ¶ 10. A copy of EduCap's Motion for Dismissal Without Prejudice is attached hereto as Exhibit 4.

9. On May 15, 2014, the Court granted EduCap's Motion to Dismiss and entered an Order of Dismissal Without Prejudice. A copy of the Order of Dismissal is attached hereto as Exhibit 5.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). On a motion for summary judgment, the movant has the burden to show the absence of a genuine issue of material fact and that the non-movant cannot prevail. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The non-movant must then show that there is admissible evidence from which the finder of fact might return a verdict in his favor. *Liberty Lobby, Inc*., 477 U.S. at 257. Once the moving party has established the absence of a genuine issue of material fact, the non-moving party may not rest on the allegations or denials in its pleading (*Id.* at 248), but must come forward with specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV. ANALYSIS

**A. Plaintiff's Claim for Malicious Prosecution Fails as a Matter of Law.**

Plaintiff's Complaint attempts to state a cause of action for malicious prosecution against EduCap. This claim is based upon the Collection Action filed by EduCap against the Plaintiff to collect on his delinquent student loan debt. Plaintiff's claim fails because not only does Plaintiff owe the debt to EduCap, Plaintiff has not and cannot plausibly allege the elements of lack of probable cause or malice on the part of EduCap, as required to state a claim for

malicious prosecution. As a result, dismissal of Plaintiff's malicious prosecution claim is appropriate.

### 1. Arkansas' Substantive Law Controls the Review of Plaintiff's Claim for Malicious Prosecution.

Arkansas' choice of law doctrine requires the application of the law of Arkansas to determine Plaintiff's state law claim of malicious prosecution. To determine the choice of law in an action for tort, Arkansas applies the rule of *lex loci delicti*. "Under the doctrine of *lex loci delicti,* the law of the place where the wrong took place is the proper choice of law." *Ganey v. Kawasaki Motors Corp., U.S.A.,* 234 S.W. 3d 838, 846 (Ark. 2006). As summarized above, all of the pertinent events alleged by Plaintiff giving rise to his claim for malicious prosecution, in particular the Collection Action filed against Plaintiff by EduCap, occurred within the state of Arkansas. The law of Arkansas therefore should govern the review of whether Plaintiff has sufficiently stated a claim for malicious prosecution.

### 2. Plaintiff Fails to Allege that Educap Lacked Probable Cause or Acted with Malice in Connection with the Collection Action.

Under Arkansas law, the elements of malicious prosecution are as follows: (1) an earlier proceeding instituted or continued by defendant against plaintiff, (2) termination of proceeding in favor of plaintiff, (3) absence of probable cause for proceeding, (4) malice on part of defendant, and (5) damages. *Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, 922 S.W.2d 327, 331 (Ark. 1996); *Kellerman v. Zeno*, 983 S.W.2d 136, 138 (Ark. Ct. App. 1998). Malice and absence of probable cause are each distinct, essential elements of a malicious prosecution claim. *Perrodin v. Rooker,* 908 S.W.2d 85, 87 (Ark. 1995); *Farm Serv. Co-op., Inc. v. Goshen Farms, Inc.,* 590 S.W.2d 861, 866 (Ark. 1979). Here, Plaintiff's Complaint falls short

of pleading a cause of action for malicious prosecution because Plaintiff has failed to plead sufficient facts to show either malice or lack of probable cause.

EduCap had probable cause to bring the Collection Action in an attempt to recover the student loan debt that was lawfully and voluntarily incurred by the Plaintiff.  *See* Shepherd Decl. ¶ 4 and Promissory Note attached thereto as Exhibit A.  In a civil malicious prosecution case, probable cause has been defined as "a state of facts or credible information that would cause a person of 'ordinary caution' to believe the defendant is liable and a lawsuit against him might be successful."  *Stokes v. S. States Co-op., Inc.,* 651 F.3d 911, 917 (8th Cir. 2011)(citations omitted). "Probable cause requires a reasonable belief in (1) the presence of facts upon which the claim is based and (2) the validity of the claim under the applicable law."  *See Restatement (Second) of Torts § 675* (1981).

Here, Plaintiff alleges that "Defendants completely made up the debt that Plaintiff had purportedly failed to repay. Plaintiff never did business with – or even heard of – the Defendants prior to the previous lawsuit." Compl. ¶ 61.[2]  Plaintiff has offered nothing more than unsupported self-serving statements that he does not owe the EduCap debt to support this allegation.  Plaintiff's statements are insufficient to satisfy the lack of probable cause element needed to state a claim for malicious prosecution, and are contradicted not only by the affidavit attached to the Collection Action Complaint, but also by the account documents and affidavit filed with the instant Motion.  *See* Exhibit 2; Shepherd Decl. ¶¶ 4-11.  These documents make evident that Plaintiff owes the debt upon which the Collection Action is based.  As a result, Educap had probable cause to file the lawsuit against Plaintiff to collect on the debt.

Plaintiff also alleges that EduCap's failure to attach the Promissory Note to the Collection Action Complaint proves that EduCap did not have a contract with the Plaintiff and

---

[2] *See* note 1, *supra*.

6

intended to "harass Plaintiff with litigation despite knowing that [EduCap] did not have enough evidence to prove that [Plaintiff] did anything." Compl. ¶ 23. Plaintiff then concludes, albeit incorrectly, that this entitles him to judgment as a matter of law on the common law tort of malicious prosecution. *Id.* Plaintiff's argument improperly attempts to convert what is, at best, an alleged pleading defect in the state court Collection Action, into a cause of action for malicious prosecution. Because Plaintiff has failed to allege lack of probable cause, Plaintiff's claim for malicious prosecution should dismissed with prejudice.

Plaintiff's malicious prosecution claim also fails because EduCap did not act with malice in instituting the Collection Action against Plaintiff. Arkansas law defines malice as "any improper or sinister motive for instituting the suit." *Hollingsworth v. First Nat'l. Bank & Trust Co. of Rogers,* 846 S.W.2d 176, 178 (1993)(citations omitted). Plaintiff fails to plead any facts to support a finding of malice besides merely stating in summary fashion that "Defendants are mere lawsuit sharks who are motivated entirely by greed rather than justice . . . [and] Defendants plainly knew that they did not have enough evidence to support a judgment against Plaintiff." Compl. ¶ 60. The mere statement that a defendant's conduct was malicious is not sufficient to plead the elements of malice. *Perrodin*, 908 S.W.2d at 87. Neither does an allegation of malice equate to lack of probable cause. *Farm Serv. Co-op.., Inc.,* 590 S.W.2d 861, 866.

Here, the contents of the Collection Action Complaint show no indiscretion or malice expressed or implied. "The doing of something a person has a legal and procedural right to do is no basis for malice." *Id.* at 865. Pursuant to Paragraph 12 of the "Federal and State Notices" that were provided with the Promissory Note, EduCap has a right to seek collection of the debt upon Plaintiff's default, which is undisputed. *See* Exhibit 2. Moreover, once it was brought to EduCap's attention that the Collection Action Complaint may not have been properly served,

7

EduCap voluntarily dismissed the action without prejudice. *See* Exhibits 4, 5. These facts do not indicate any improper motive in bringing the Collection Action against Plaintiff. As such, Plaintiff's allegation that EduCap acted with malice in bringing the Collection Action fails as a matter of law. Accordingly, Plaintiff's malicious prosecution claim should be dismissed with prejudice.

### B. Plaintiff Fails to Make a Prima Facie Case of Retaliation.

Plaintiff appears to allege that EduCap's Collection Action was filed as part of a conspiracy with Boone County Arkansas government officials, in an effort to "persecute Plaintiff for his lawsuits" filed prior to the instant action, against numerous unrelated entities, none of which include EduCap. Compl. ¶¶ 30-32. For the reasons set forth below, Plaintiff's claims find no support in either fact or law and, thus, summary judgment is appropriate.

#### 1. Section 12203 of the ADA Does Not Provide for a Private Right Action Against EduCap.

Plaintiff only cites to the retaliation provisions codified in 42 U.S.C. § 12203 to support his claim. 42 U.S.C. § 12203 provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. The remedies available for a violation of the anti-retaliation provisions of § 12203(a) of the ADA are set forth in 42 U.S.C §§ 12117, 12133, and 12188, *et seq. See* U.S.C § 12203(c). None of these remedial statutes are applicable to the claims alleged in Plaintiff's Complaint.

First, Section 12117 specifically makes the remedies available under Title VII applicable to actions under the ADA. *See* 42 U.S.C. § 12117(a)(providing that "[t]he powers, remedies, and procedures set forth in section[] . . . 2000e-5 . . . of this title shall be the powers, remedies, and

8

procedures this subchapter provides to . . . any personal alleging discrimination on the basis of disability"). The enforcement provisions of Title VII only permit actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e-5(b). Here, Plaintiff has not alleged that he was ever employed by EduCap and therefore the remedies available under 42 U.S.C §§ 12117 are inapplicable.

Second, Section 12133 extends prohibitions of the Rehabilitation Act to public entities which are defined as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. EduCap is a private non-profit organization and does not qualify as a public entity. Lastly, 42 U.S.C. § 12188(a) does not provide for private actions seeking damages - the sole remedy Plaintiff has requested. *See* 42 U.S.C. § 12188(a) (unless enforced by Attorney General, only remedy for violation of Title III of ADA is injunctive relief); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) (§ 12188(a) does not contemplate damages awards in suits brought by private parties; listing cases). Accordingly, the ADA does not provide a remedy for Plaintiff's allegations against EduCap.

### 2. Plaintiff Has Failed to State a Claim for Retaliation.

Moreover, even assuming *arguendo,* that Plaintiff does have a private right of action to pursue an ADA claim against EduCap, Plaintiff has failed to allege the requisite elements. In order to establish a prima facie case of retaliation, a plaintiff must allege (1) that he has engaged in conduct protected by the ADA; (2) that he suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected activity and the adverse action. *Crock v. Sears, Roebuck & Co.,* 261 F.Supp.2d 1101, 1121 (2003). In the instant case, to support his retaliation claim, Plaintiff concludes, without any factual basis, that

he engaged in "statutorily protected activity" and suffered an "adverse action." Compl. ¶¶ 2-10, 16-29, 68-70. Plaintiff premises his statutorily protected activity upon his filing of numerous ADA complaints against irrelative defendants, and the "adverse action" on EduCap's filing of the Collection Action against Plaintiff.

> i. **Statutorily Protected Activity.**

"A person cannot show that he engaged in a statutorily protected activity without first demonstrating that he had a good faith reasonable belief that the alleged retaliator was engaging in discriminatory activity." *Amir v. St. Louis Univ.,* 184 F.3d 1017, 1025 (8th Cir. 1999). Here, it appears that the alleged statutorily protected activity is Plaintiff's filing of numerous ADA lawsuits against various different entities, none of which involve or are in any way related to EduCap. Yet, Plaintiff has not alleged that he had a "good faith reasonable belief" that EduCap was engaging in discriminatory activity. Plaintiff only alleges that "the reason for his large number of lawsuits is NOT because Plaintiff is simply a vexatious filer, but rather, because Plaintiff has a disability that makes him especially susceptible to discrimination." Compl. ¶ 69. This allegation wholly fails to even address the statutory requirement. Thus, because Plaintiff fails to allege any good faith reasonable belief that EduCap engaged in discriminatory conduct, Plaintiff's claim must be dismissed.

> ii. **Adverse Action.**

An "adverse action" is one that is "materially adverse," in that it "well might have dissuaded a reasonable [individual] from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57, 68 (2006). Plaintiff appears to allege that the Collection Action filed by EduCap was an "adverse action" for purposes of his retaliation claim. However, as discussed in detail above, the Collection Action was filed as a

result of Plaintiff's default on his student loan obligations to EduCap, not for any discriminatory purpose. Plaintiff offers no support for the conclusion that the Collection Action was filed in order to dissuade him from pursuing ADA claims against entities that have no relation to EduCap. Accordingly, Plaintiff has failed to sufficiently allege the "adverse action" element of the retaliation claim.

### iii. Causal Connection

Lastly, in order to establish the third element of a prima facie case of retaliation, Plaintiff must allege that EduCap knew that he had engaged in statutorily protected activity. *See Simon v. Simmons Foods, Inc.*, 49 F.3d 386, 389 (8th Cir. 1995); *Wolff v. Berkley, Inc.,* 938 F.2d 100, 103 (8th Cir. 1991). Plaintiff provides no facts which support a causal connection between the prior discrimination lawsuits filed by Plaintiff - none of which have any connection to EduCap - and the Collection Action filed by EduCap against Plaintiff to collect on delinquent student loan debt. Nor does Plaintiff provide any facts upon which one could reasonably infer that EduCap conspired in any way with any Boone County Arkansas government officials in filing the Collection Action. *See* Shepherd Decl. ¶ 9. Plaintiff fails to state a claim for retaliation, and the instant Motion for Summary Judgment should be granted.

## CONCLUSION

For the foregoing reasons, there is no genuine issue of material fact as to Plaintiff's claims against EduCap. Accordingly, EduCap Inc. respectfully requests that the Court enter summary judgment in favor of Defendant.

Dated: October 20, 2014

        Respectfully submitted,
        EDUCAP INC.

By:       /s/
        D. Margeaux Thomas
        Virginia State Bar No. 75582
        WILLIAMS MULLEN, P.C.
        8300 Greensboro Drive, Suite 110
        Tysons Corner, Virginia 22102
        Telephone: (703) 760-5216
        Facsimile:  (703) 748-0244
        mathomas@williamsmullen.com
        *Counsel for EduCap Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2014, a copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all parties of record who have obtained CM/ECF passwords. Additionally, a copy was mailed via first class mail to:

>David A. Stebbins
>123 W. Ridge Street, Apt. D
>Harrison, Arkansas 72601

>              /s/ D. Margeaux Thomas
>D. Margeaux Thomas (VA Bar # 75582)
>WILLIAMS MULLEN
>8300 Greensboro Drive, Suite 1100
>Tysons Corner, Virginia 22102
>Telephone:  703.760.5216
>Facsimile:  703.748.0244
>mathomas@williamsmullen.com
>*Counsel for EduCap Inc.*