# EXHIBIT 2

05CV-14-001✓

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS

EduCap, Inc.                                                                PLAINTIFF



vs.                              No. 05CV-14-1-1

DAVID A. STEBBINS                                                     DEFENDANT(S)

## COMPLAINT

Comes now the Plaintiff, EduCap, Inc. and, for its cause of action against the Defendant(s) alleges and states as follows:

1.      That the Defendant(s) herein is a resident of BOONE County, Arkansas and this Court has jurisdiction of the parties and the subject matter herein.

2.      That the underlying obligations owed by the Defendant(s) to the Plaintiff result from a default pursuant to the terms of an agreement made by the Defendant(s) with EduCap, Inc.. The agreement was entered into on or about August 17, 2007. A copy of the written instrument upon which Plaintiff's claim is based is attached hereto as Exhibit "A" and incorporated herein by reference.

3.      Repeated demands have been made upon the Defendant(s) and payment has not been forthcoming.

4.      That Defendant(s), David A. Stebbins, is indebted to Plaintiff for the sum of $4,444.28 as of August 2, 2013, with interest accruing at the per annum rate of 7.25%. Attached hereto and marked as Exhibit "B" is an Affidavit of Correctness.

5.      Plaintiff is entitled to recovery against Defendant(s) and Defendant(s) has failed, refused and neglected to pay the same after due and proper demand thereof.

6.     EduCap, Inc. is entitled as a matter of law to a judgment in its favor and against Defendant(s) for the total amount due, such being $4,444.28 as of August 2, 2013, plus pre-judgment interest at an annualized interest rate of 7.25% per annum, with a reasonable attorney's fee, post-judgment interest at the maximum rate allowed by Arkansas law, and court cost.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, EduCap, Inc., prays for judgment against the Defendant(s), David A. Stebbins, in the sum of $4,444.28 as of August 2, 2013, pre-judgment interest from and after August 2, 2013, at an annualized interest rate of 7.25% per annum until entry of judgment herein, with a reasonable attorney's fee, for post judgment interest at the maximum rate allowed by Arkansas law, with the costs of this action, and all other relief to which the Plaintiff may be entitled.

EduCap, Inc.,
PLAINTIFF

By:   *Original Signed By Morgan S. Doughty or*
      *Nicholas R. Hood or Rickard W. Hood*

Morgan S. Doughty      ABA#2010158
Nicholas R. Hood       ABA#2012053
Rickard W. Hood        ABA #81091
HOOD & STACY, P.A.
216 North Main
Bentonville, AR  72712
(479) 273-3377, fax (479) 273-3419

E13-0016

This communication is from a debt collector.



An Investment In Your Future

**IMPORTANT FEDERAL AND STATE NOTICES:**
**READ THESE NOTICES BEFORE SIGNING**
**THE COMBINED PRIVATE EDUCATION**
**LOAN APPLICATION AND PROMISSORY NOTE**

The following federal and state notices contain important information. These notices, and the copy of the Combined Private Education Loan Application and Promissory Note ("Combined Application/Note" or "Note") included in this package, are provided to you to retain with your records.

**IMPORTANT INFORMATION ABOUT NEW ACCOUNT OPENING PROCEDURES**
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account. What this means for you: When you apply for or open an account, we will ask for your name, address, date of birth, Social Security Number, and other information that will allow us to identify you, and we may ask for identifying documents from you as well.

Provided the Student-Borrower ("Student") identified on the Combined Application/Note is a US citizen or Permanent Resident and is of legal age to contract, the Student will be fully obligated to repay the loan. (The legal age for entering into contracts is 18 years old in every state in the US except the following: Alabama & Nebraska - 19 years old.) NOTE: Students should apply with one or more creditworthy co-signers if they: (1) do not meet these criteria, or, (2) do meet these criteria, but in their determination, lack sufficient income or credit history to qualify for a loan on their own. All additional co-signers must complete and sign the Combined Application/Note, and both the Student and the co-signers will be obligated to repay the loan, if it is approved. Any Student who: (a) is a U.S. citizen or Permanent Resident; (b) is of legal age to contract; and; (c) wishes to rely only upon his or her own income and credit history, and not those of any co-borrowers, may apply for a loan in the Student's name alone.

DO NOT SIGN THE COMBINED APPLICATION/NOTE BEFORE YOU READ IT. YOU ARE ENTITLED TO A COPY OF THE   DOCUMENT YOU SIGN. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY, AND MAY BE ENTITLED TO A REFUND OF UNEARNED CHARGES IF REQUIRED BY APPLICABLE LAW.

**California Residents:** I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

**California and Utah Residents:** As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

**Iowa, Kansas and Nebraska Residents:** (For purposes of the following notice, the word "you" refers to the Student and the additional Borrowers, not the Lender) NOTICE TO CONSUMER. THIS IS A CONSUMER CREDIT TRANSACTION. 1. DO NOT SIGN THE COMBINED APPLICATION AND PROMISSORY NOTE BEFORE YOU READ THIS CREDIT AGREEMENT. 2. YOU ARE ENTITLED TO A COPY OF THE COMBINED APPLICATION/NOTE. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAY BE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

**Maryland Residents:** In Paragraph 17.k. of the Combined Application/Note, Lender and I have agreed that the Combined Application/Note is governed by federal law and the laws of Delaware, without regard to conflict of laws rules; if any court should nevertheless determine that the Combined Application/Note is subject to Maryland laws concerning credit, then only to the extent that Maryland law applies, Lender and I agree and elect that this loan is made under and governed by Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland, except as preempted by federal law.

**Missouri Residents:** Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**Nevada Residents:** This is a loan for study.

**New Jersey Residents:** The section headings of the Combined Application/Note are a table of contents and not contract terms. Portions of the Combined Application/Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In the Combined Application/Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

**Maine, New York, Rhode Island and Vermont Residents:** A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained, I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.

**Ohio Residents:** The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintan separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**Wisconsin Residents:** For married Wisconsin residents, my signature on the Combined Application/Note confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

<<<RETAIN FOR YOUR RECORDS>>>

E12-0016

Exhibit "A"

Combined Private Education Loan Application and Promissory Note

8/15/2007

application id:  30067404

(No white-outs or scratch-outs of terms will be accepted on this Note.)
Unless otherwise indicated, the words, "I", "me", "us", "we", "our", "my", "mine", "borrower", "student" and "co-signer" mean the person(s) who signed this Combined Private Education Loan Application and Promissory Note. The words "you", "your", "yours" and "Lender" mean HSBC Bank USA, National Association, its successors and assigns, and any other holder of this Note. Capitalized terms used in this Note shall have the meanings given to them in Section 6, Definitions, or as defined elsewhere in this Note.
1. DESCRIPTION OF THE PROGRAM
Under this Loan to Learn Education Loan Program (the "Loan Program"), subject to the terms of this Note, I may borrow amounts to pay the Student's costs of attendance at the Student's School (the "Loan"). This Note sets forth the terms and conditions applicable to the Loan.
2. PROMISE TO PAY
I (jointly and severally if more than one) promise to pay to you, or your order, the Loan Amount, plus interest on the outstanding Loan Amount at the rate described below in Section 7, and all other charges and fees that I am obligated to pay as provided in this Note. I will pay all of these amounts to you at the address shown on the monthly statements I receive from you.
3. CONDITIONS; LOAN AMOUNT; DISCLOSURES
When you receive my signed Note, you are not agreeing to lend me money, and there will be no such agreement until the Disclosure Statement is transmitted to me. Based upon an evaluation of my credit qualifications, which you may perform as part of your review of my application for a Loan, you have the right not to make a Loan to me or lend an amount less than the amount I request. I understand and agree that I am eligible to receive disbursements only if the Student remains enrolled at the Student's School and proof of enrollment is provided to you.
I will receive a copy of this Note and a Disclosure Statement in connection with the Loan on or before the first disbursement of the Loan. The Disclosure Statement, in addition to other information, will tell me the amount of my Loan and the percentage amount of any Loan Origination Fees that will be assessed at the time of each disbursement of the Loan. I will review the Disclosure Statement upon receiving it and will contact you if I have any questions. The Disclosure Statement and any other documents relating to the Loan subject to the terms of this Note are incorporated in and made a part of this Note.
I will evidence my agreement to the terms of this Note and the Disclosure Statement by endorsing, depositing   or cashing the disbursement check, accepting the proceeds of the Loan or allowing the proceeds of the Loan to be used on my behalf.
4. CANCELLATION
If I am not satisfied with the terms of my Loan as disclosed in the Disclosure Statement, I may cancel the Loan by notifying you of the cancellation in writing within fifteen (15) days of the date of my Disclosure Statement and returning any disbursement checks or electronically disbursed funds to you within that time period. If any disbursed funds are not returned to you, the Loan and this Note will not be cancelled, and I will make payments pursuant to the terms of this Note for the amounts disbursed but not returned to you.
5. LOAN DISBURSEMENT
Subject to the terms and conditions of this Note, the Loan will be disbursed in one or more disbursements. You may withhold any disbursement of the Loan if I am in default under the terms of this Note. You will send me a check, which may be co-payable to me and the Student's School, or make an electronic disbursement to me or to the Student's School. Interest begins to accrue on the Disbursement Date of each such disbursement.
6. DEFINITIONS
a. "Disbursement Date" is any date on which you lend me money, which in the case of an electronic transfer is the date funds are transferred to me or to third parties on my behalf. For checks issued by you to me or to third parties on my behalf, the date of the check is the Disbursement Date.
b. "Disclosure Statement" is a Disclosure Statement, Itemization of Amount Financed and Loan Terms setting forth the information required by the Federal Truth-in-Lending  Act  and  Federal  Reserve  Board  Regulation  Z,  or  as otherwise required by applicable law, or any other disclosure statement that you may provide when a written disclosure statement is not required under such laws.
c. "In-School Period" is the period of time beginning on the first Disbursement Date and ending (i) six months following the Student's graduation; (ii) six months following termination of the Student's enrollment at the Student's School, or (iii) 84 months following the first Disbursement Date, whichever is earliest.
d. "Loan Amount" is the total of all sums disbursed to me or on my behalf under the terms of this Note, including, but not limited to, the Loan Origination Fee, and all accrued interest added to principal under the terms of this Note.
e. "Note" means this Combined Private Education Loan Application and Promissory Note, and includes the Disclosure Statement, co-signer notices and all other notices relating to the Loan that I obtain under this Note.
f. "Repayment Period" means the period during which I will repay the Loan Amount with interest, which (i) if I elected "Interest Only Payments" or "Total Deferment" on the application portion of this Note, is the 240-month period beginning on the day after the In-School Period ends, and (ii) if I elected "Principal and Interest Payments" on the application portion of this Note, is the 240-month period beginning on the first Disbursement Date.

g. "Student" is the person identified as the Student or the Student Borrower in this Note.
h. "Student's School" is the college, university or other post-secondary institution or school that is an approved school under the Loan Program at which the Student is or will be enrolled.
7. INTEREST
Interest will accrue on the outstanding Loan Amount at the Variable Rate (as defined below) beginning on the first Disbursement Date and continuing until the date this Note is paid in full. Interest will be calculated on the basis of a year of 365 days (366 days in a leap year) for the actual number of days elapsed. If I elected "Total Deferment" on the application portion of this Note, you will add unpaid accrued interest to the principal balance of my Loan at the end of the In-School Period [or at such time as the Loan Amount and any other amounts payable hereunder are declared immediately due and payable pursuant to Section 12.] You will add unpaid accrued interest to the principal balance of my Loan at the end of any forbearance period.   Any such unpaid accrued interest added to the principal balance of my Loan added to the principal balance of my Loan will be included in the Loan Amount and will accrue interest beginning on the date so added to the principal balance of my Loan.
The Variable Rate" payable under this Note is equal to the sum of the "Prime Rate" published in The Wall Street Journal in the "Money Rates" section on the first business day of each month (the "Index"), plus a margin (the "Margin") which initially will be as shown on the Disclosure Statement that is sent to me (the "Initial Margin"). Any change in the Index will result in a corresponding change in the Variable Rate that will take effect on the fifth  business day of the month. If the Wall Street Journal is not published or the Index is not given, then the Index will be the immediately preceding Index. If the Index is discontinued or substantially altered, I agree that you may choose another comparable index. Beginning two (2) years after the first Disbursement Date, you may adjust the Margin from time to time as follows. If the Margin Adjustment Index ("MAI") Margin from time to time as follows. If the Margin Adjustment Index ("MAI") on any Adjustment Date is different than the Base Index Figure, you may adjust the Margin, but you are not obligated to do so. If the MAI on any Adjustment Date is higher than the Base Index Figure, you may increase the Margin by the amount that is not more than the difference; if the MAI on an Adjustment Date is lower than the Base Index Figure, you may decrease the Margin by an amount that is not more than the difference. You are not obligated to decrease the Margin at any time, even if the Margin was previously increased. In no event will the Margin be increased to an amount greater than the Initial Margin plus 5%, or be decreased to an amount less than the Initial Margin minus 5%, or be less than zero. For the purposes of this paragraph, the "Margin Adjustment Index" is the "Charge-Off Rates for Credit Cards" as published in the Federal Reserve Statistical Release-Charge Off and Delinquency Rates on Loans and Leases at Commercial Banks-All Banks, NSA, the "Base Index Figure" is 5.9%, an "Adjustment Date" is the first day of any calendar month, and the Margin Adjustment Index for any date is the most recent Margin Adjustment Index published on or before that date. In the event that the Margin Adjustment Index is no longer published or is substantially altered, I agree that you may choose a comparable index to determine permitted changes in the Margin. Any adjustment in the Margin will become effective as of a date designated by you You will notify me of any adjustment to the Margin at least 30 days before the adjustment becomes effective.
In no event will the Variable Rate exceed the maximum interest rate that HSBC Bank USA, National Association, as a bank located in the State of Delaware, may charge under applicable law.
8. LOAN ORIGINATION FEES
I agree to pay a "Loan Origination Fee" in connection with the Loan. The Loan Origination Fee for the Loan will be equal to the Loan Origination Fee percentage set forth in the Disclosure Statement. You will calculate the Loan Origination Fee for each Loan disbursement and add the amount of the Loan Origination Fee to the outstanding principal balance of the Loan on the Disbursement Date. Interest will accrue on such Loan Origination Fees from that date until paid in full. I will not be entitled to any refund of any Loan Origination Fee unless the Loan is canceled pursuant to Section 4.
9. LATE PAYMENT AND OTHER CHARGES
If a monthly payment is not paid in full within 15 days of the date when it is due, I will pay a late payment charge of $5.00 or 5.00% of the unpaid payment amount, whichever is more, but in no event more than the amount allowed by law. If any payment of the amounts due on this Note is returned unpaid for any reason, including but not limited to insufficient funds or a  stop payment order, I will pay you an insufficient funds fee of $15.00.
10. PAYMENTS
a. In-School Period.   If I elect "Interest Only Payments" on the application portion of this Note, I will make monthly interest-only payments on the outstanding Loan Amount during the In-School Period.
  If I elect Total Deferment on the application portion of this Note, I will not be required to make monthly payments of principal or interest during the In-School Period.
b. Repayment Period.   I will make monthly payments during the Repayment Period of principal and interest, each of which will be the amount necessary to fully amortize and pay the then-current outstanding Loan Amount with interest at the then-applicable interest rate in substantially equal installments over the remaining  number  of  months  in  the  Repayment  Period  ("amortizing payments").
c. Payment Terms. The outstanding Loan Amount and all accrued and unpaid interest shall be due and payable in full on or before the date the final payment is due as shown on the Disclosure Statement. My monthly payments will be due as indicated on each of my monthly billing statements; provided, however, I will still make a monthly payment on the same day each month even if I do not receive a monthly billing statement, and I will promptly notify you if I do not receive such a statement.
Payments received will be applied first to collection costs, then to accrued interest, then to late charges and other fees and charges, and then to principal.

<<<RETAIN FOR YOUR RECORDS>>>

Combined Private Education Loan Application and Promissory Note

Application ID: 30067404

8/15/2007

Because interest accrues daily on the outstanding Loan Amount, if I do not make my monthly payment on time, I may owe more interest than I would owe if I had made my payment on time.

d. **Variable Rate Changes.** The monthly payment amount may change monthly if the Variable Rate changes as provided in Section 7. Upon any change in the Variable Rate, the monthly payments due will change as follows: (i) for interest-only payments, the payments will be adjusted to pay interest accrued each month at the then-current Variable Rate; and (ii) for amortizing payments, the amount of the monthly payments will be adjusted to fully amortize and pay the then-current outstanding Loan Amount with interest at the then-current Variable Rate in substantially equal installments over the remainder of the Repayment Period.

**11. RIGHT TO PREPAY**
I have the right to prepay all or any part of my Loan at any time without penalty. A partial prepayment will not relieve me of my obligation to continue to make my regular monthly payments each month until this Note is paid in full. I will not be entitled to a refund of any Loan Origination Fee upon prepayment.

**12. DEFAULT**
Notwithstanding any other provision of this Note, I will be in default, and upon giving any notice to me required by applicable law, you will have the right to declare the entire outstanding Loan Amount, accrued interest, and all other amounts payable to you under the terms of this Note, immediately due and payable in full, if

a. I fail to pay any scheduled payment when due.

b. I fail to pay any other amount payable under the terms of this Note when due.

c. I make an assignment for the benefit of creditors, have voluntary or involuntary bankruptcy proceedings instituted by or against me, am adjudicated incompetent, or die.

d. I have made or make any false written statement in any document submitted to you in connection with my application for the Loan or in any communication regarding this Note or the Loan.

e. I break any of my other promises under this Note.

f. I fail to notify you in writing of any change of my name or address, or the transfer, withdrawal, or graduation of the Student within 30 days of the date the event occurs.

g. I am in default under the terms of any other loan I have with you.

Following any of the above events, you will have all the rights the law allows. Failure to receive a monthly statement does not relieve me of my responsibility and obligation to make payments in accordance with the terms and conditions of this Note. Your acceptance of any payment, in whole or in part, of any delinquent amount will not waive or affect any prior acceleration of this Note. Interest will continue to accrue after default at the applicable rate specified in Section 7 until this Note is paid in full. If I am in default, I will pay your reasonable costs of collection, including attorneys' fees, to the extent permitted by law.

**13. USE OF PROCEEDS**
I represent and agree that the proceeds of the Loan made under this Note will be used solely for tuition and other reasonable education expenses, including, but not limited to room and board, fees, books, personal computer, supplies and equipment, laboratory expenses, and other education-related personal expenses of the Student. I understand that the Loan may be disbursed to the Student, the borrower or any co-signer, so I may not directly receive any proceeds of the Loan. I understand that the loan is an educational loan and is not dischargeable in bankruptcy except pursuant to 11 U.S. Code Section 523(a)8.

**14. CORRECTION OF ERRORS**
All parties to this Note agree that they will fully cooperate and adjust any typographical, computer, calculation or clerical errors discovered in this Note or the Disclosure Statement. In such event, all parties involved will be notified and receive a corrected copy of the document.

**15. NOTICES**
I will send written notice to you of any change in my name, address, telephone number, the Student's enrollment status or change in the Student's School, within 10 days of such change.

Any notice required to be given to me by you will be considered effective when (i) mailed by first class mail to the most recent address you have for me in your records, or (ii) if I agree to receive notices and other communications electronically, when transmitted by electronic communication to the most recent electronic mail address you have for me in your records. Unless required by applicable law, you need not give a separate notice to the co-signer(s), if any.

**16. CREDIT INFORMATION**
I authorize you to request information from me and to make any inquiries you deem necessary or appropriate, including obtaining consumer reports from consumer reporting agencies, in connection with my application for the Loan, the review or collection of the Loan, or for any other lawful purpose. I authorize you to verify my income and check my credit and employment history, and to answer questions concerning your credit experience with me.

I authorize you to release information to others (such as credit bureaus, other financial institutions consistent with the privacy policies set forth in Section 18, or EduCap Inc.) about the status and history of this Note. I also agree that you may release information to comply with governmental reporting or legal processes which you believe may be required, whether or not such release is in fact required, or when necessary or helpful in completing a transaction or when investigating a loss or potential loss.

**17. ADDITIONAL AGREEMENTS**
a. You may accept late payments and/or partial payments on the Loan, even if marked "paid in full" without losing your right to receive payment of all outstanding amounts under this Note or any of your other rights under this Note. No restrictive endorsement on any payment will be an accord and satisfaction of the balance due on the Loan unless you and I enter into an express written agreement.

I agree not to send payments marked "paid in full," "without recourse" or with other restrictions unless they are marked for special handling and sent to you at the following address: EduCap Inc., P.O. Box 651210, Sterling, Virginia, 20165-1210.

b. You may delay or fail to exercise or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. You will not be required to make any demand upon me, send me any notice, present this Note to me for payment or make protest of nonpayment to me before bringing legal action to collect this Note if I am in default, and I hereby waive any right I may otherwise have to require such action, to the extent allowed by applicable law. My responsibility for paying this Note is unaffected by the liability of any other person to me or you for repayment of this Note or by your failure to notify me that a required payment has not been made. You may release any other person liable on this Note without affecting my obligations under this Note. No change or dealing by you that varies from the terms of this Note will have the effect of modifying this Note or preventing you from enforcing all of the terms of this Note as written.

c. I certify that I have not filed for bankruptcy in the past four years.

d. If, under this Note, an act or agreement must be "written" or in "writing," an act or agreement performed or provided by means of electronic communication will be considered to be "written" or in "writing," as the case may be. If, under this Note, a document must be "signed," a digital or electronic signature that complies with applicable federal law requirements or a facsimile signature will meet this requirement.

e. Should any provision of this Note be held invalid or unenforceable, in whole or in part, such provision (or part of such provision) will be considered omitted from this Note, and the validity and enforceability of the remaining provisions of this Note shall not be affected.

f. Any modification of any provision of this Note must be agreed to in writing signed by you and me. Changes to terms provided for under this Note, including but not limited to changes in the Variable Rate and the Margin, are not modifications subject to this Section 17(f). No modification will affect the validity or enforceability of the remainder of this Note. Notwithstanding any other provision of this Note, you may forbear or defer payments under this Note from time to time and any number of times.

g. If the charges on the Loan exceed the amount permitted to be charged by the law that governs this Note, then such charges will be reduced to such permitted amount and any excess already collected will be applied as partial prepayment of principal.

h. You may assign this Note, and the Loan made hereunder, at any time without notice to me. I may not assign this Note, the Loan made under this Note, or any of its benefits or obligations, and my obligations under this Note will be binding on my estate.

i. I understand and acknowledge that you do not in any way approve, promote or make any representations concerning the Student's School. It is my (our) responsibility to determine the quality of the Student's School.

j. I agree that the Student's School in accordance with its refund policies may pay to you directly, or to whomever you direct, the amount of any refund of tuition, fees or other charges paid from the proceeds of this Note. I further agree to immediately deliver to you, or to whomever you direct, the amount of any such refund of tuition, fees or other charges that I receive, along with a written explanation of such refund. I understand that failure to complete the educational program undertaken by the Student does not relieve me of any obligation under this Note.

k. This Note is governed by federal law, and to the extent not preempted by federal law, the law of the State of Delaware.

**18. PRIVACY; INFORMATION SHARING; CONTACT**
You may share information as described in the EduCap Privacy Policy and the Privacy Policy of HSBC Bank USA, National Association.

I authorize you and the Student's School to make inquiries of or to respond to inquiries from me or you. I authorize you to release information and make inquiries of the persons I have listed on my application for the Loan for the purpose of obtaining my current address and telephone number. I also authorize you to report the following information concerning this Note and the Loan to the Student's School during the term of this Note: whether or not the Loan was approved, the Loan Amount, the outstanding Loan Amount, and any data provided on the application for the Loan or this Note and any attachments thereto. You or your representatives may contact me from time to time regarding my Loan or to ask for additional information about me or my experience with you. You agree that such contacts are not unsolicited, are not limited, except as expressly required by applicable law, and may result from contact information I have provided or that is obtained from other sources. You may contact me using any cellular or other number belonging to me, using any e-mail belonging to me, or using an automated dialing and announcing or similar device, unless I notify you otherwise or unless otherwise prohibited by law.

**19. DISCOUNTS**
a. Automatic Withdrawal. If my monthly payments are made by automatic withdrawal from my bank account I will receive a 0.25% interest rate reduction as long as my payments continue to be made on or before their scheduled due date using automatic withdrawal. Accounts in Total Deferment are not eligible for this rate reduction until repayment begins.

b. On Time Payments. If I make each of the first 48 consecutive monthly payments on or before the scheduled due date for each such payment, then I will receive a 0.50% interest rate reduction for the remaining term of the Loan; provided, however, that this interest rate reduction will terminate if any subsequent payment is not made on or before its scheduled due date, or if I am otherwise in default under this Note.

**20. CO-SIGNER RELEASE**
Upon the request of all parties to this Note, a co-signer's obligations under the Note may be released if each of the first 48 consecutive monthly payments on the Loan are made on or before the scheduled due date for each such payment, and if all parties remaining on the Note satisfy my then-current credit policy and I present qualifying documentation acceptable to you.

Combined Private Education Loan Application And Promissory Note (Rev. 05/2006)

<<<RETAIN FOR YOUR RECORDS>>>

**State of Virginia**

**City of Sterling**

**AFFIDAVIT**

I, <u>Marc Maiorca</u>, being duly sworn, depose and say:

1.) I am the <u>**Director of Default Management**</u> of EduCap Inc., hereinafter referred to as "EduCap" which is: A corporation organized, existing and doing business under and by virtue of the laws of the State of Virginia.

2.) That my position requires and some of my responsibilities include supervision and control of some of EduCap's bookkeeping procedures. I am required to know and, in fact, am familiar with the methods used in making bookkeeping entries and maintaining other records.

3.) That from my position and knowledge I make this affidavit. The records of EduCap are made in the ordinary course of business at or near the time of occurrence of the event. That credit due, if any due, has been duly given for all payments.

4.) That Defendant (s) **DAVID A. STEBBINS** entered into a written promissory note with EduCap. The Defendant agreed to repay the promissory note by making monthly installment payments in variable amounts until the balance was paid in full. The debtor has not made consistent monthly payments. The books and records of EduCap reveal that there is a balance remaining, due and owing as follows:

Principal:                                      $ 4,444.28
Accrued Interest:                          $ 263.89 through 11/14/2013
Late Fees:                                     $  40.00
Interest at the base rate of:  3.25% plus
The variance interest rate of:  4.00% from 01/08/2009

Total Balance due: $ 4,748.17

5.) Debtor(s) are not upon my information in the military service of the United States of America and as such have no protection under the Soldiers & Sailors Relief Act.

VERIFICATION: The undersigned, being first duly sworn, deposes and says: That he/she has read or heard the foregoing Affidavit and knows the contents thereof.

County of Loudoun
Commonwealth of Virginia

SWORN TO AND SUBSCRIBED BEFORE ME, IN
MY PRESENCE THIS Thursday, November 14, 2013

By: _Susan C B. Marva_

Notary registration number: _7532913_

My Commission Expires: _October 31, 2016_          Seal

Affiant

SUSAN CATHERINE BRANDT MARTIN
NOTARY PUBLIC
REG. #7532913
COMMONWEALTH OF VIRGINIA

E13-0016
Exhibit "B"

# Balance Sheet

| Loan Number: | ι64 |
| --- | --- |
| Name: | STEBBINS DAVID A. |
| App ID: | 30067404 |

| Principal: | $ 4,444.28 |
| --- | --- |
| Interest: | $ 263.89 |
| Late Charges: | $ 40.00 |

| Payoff as of 11/14/2013 : | $ 4,748.17 |
| --- | --- |

| Court Costs: | $ 0.00 |
| --- | --- |

| Per Diem Amount | $ 0.88 |
| --- | --- |

| Loan Open Date: | 08/17/2007 |
| --- | --- |

| Payment History (Last 6 Payments) | |
| --- | --- |
| 03/08/2013 | $ 35.52 |
| 02/05/2013 | $ 35.52 |
| 01/04/2013 | $ 35.53 |
| 12/07/2012 | $ 35.52 |
| 11/05/2012 | $ 35.52 |
| 10/05/2012 | $ 35.52 |

| Date Last Pmt Reversal: | 03/08/2013 |
| --- | --- |

| Interest Rate Data | |
| --- | --- |
| Base Rate: | 3.25% |
| Discounts: | .00% |
| Variance Rate: | 4.00% |
| Calculated Rate: | 7.25% |

| Current Securitization ID: | L2L 105 |
| --- | --- |