# EXHIBIT 3

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

EDUCAP, INC.  PLAINTIFF

VS  CASE NO. 2014-1-1

DAVID A. STEBBINS  DEFENDANT

## MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Comes now, *pro se* Defendant David Stebbins, who hereby submits the following Motion to Dismiss the complaint.

1. This motion could theoretically be viewed as untimely, but as Defendant is about to establish, this does not matter, since the Court has no jurisdiction over the Defendant's person, anyway. Who cares if the Plaintiff could theoretically have had default judgment by this point? Defendant could come back ten years from now and file this motion, and it would still be valid because the Court never got jurisdiction over the Defendant's person in the firs tplace.

2. The Plaintiff has failed to serve process on the Defendant. Therefore, this Court lacks jurisdiction over the Defendant's person. Therefore, the complaint should be dismissed pursuant to Ark. R. Civ. P. 12(b)(5).

3. The Complaint is filed in violation of Ark. R. Civ. P. 10(d) and thus should be dismissed under Ark. R. Civ. P. 12(b)(6).

4. This would normally only necessitate dismissal without prejudice. However, the Plaintiff has attached the entirety of the alleged contract *except* for the Defendant's purported signature. For reasons that will be discussed in greater length in the attached Brief in Support of this Motion, this entitles the Defendant to have the dismissal upgraded to "with prejudice."

5. A Brief in support of this motion is attached to this motion, and is hereby incorporated by

-1-

reference.

6. Please find, attached to this motion, Exhibit A, an affidavit from Defendant's mother, providing relevant testimony.

Wherefore, premises considered, Defendant prays that the complaint in the above-styled action be dismissed with prejudice, costs incurred be awarded, and any other relief to which he may be entitled.

So requested on this, the 5th day of May, 2014.

*/s/ David Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

EDUCAP, INC.                                                                               PLAINTIFF

VS                                         CASE NO.2014-1-1

DAVID A. STEBBINS                                                                       DEFENDANT

### AFFIDAVIT OF RITA STEBBINS

Comes now, witness Rita F. Stebbins, who hereby submits the following Affidavit in support of the Defendnat's Motion to Dismiss. I do solemnly swear, under penalty of perjury, that the following statements are, to the best of my knowledge, the truth, the whole truth, and nothing but the truth, so help me God.

1. I am the mother of the Defendant.

2. I reside at the address of 8527 Hopewell Rd., Harrison, AR 72601.

3. The Defendant resides at 123 W. Ridge St., APT D, Harrison, AR 72601.

4. However, the Court already knows both our addresses, since the Defendnat is currently suing his father (who is my husband), accusing his father of framing him for a felony; both addresses are on public record in that case.

5. On March 28, 2014, I was paid a visit by a process service agent, saying that he had a summons and complaint for David A. Stebbins.

6. I explained to this agent, in no uncertain terms, that (A) David _A._ Stebbins (as opposed to David _D._ Stebbins) did not reside here, and (B) David _A._ Stebbins could be found at the address spoken of in Paragraph #3 of this affidavit.

7. Despite having been unequivocally advised that the man he was looking for could not be found at my address, the agent nevertheless resigned to leave the summons and complaint with

-1-

me.

8. Not knowing what to do, I resigned to simply give the summons and complaint to my son when I next saw him on April 2, 2014.

9. My son tells me that this is insufficient service of process, because the law requires that complaince with service requirements must be exact. If that is indeed the law of the land (I don't know; it will be up to the Court to determine the validity of the Defendnat's citations), then I can testify, based on personal knowledge, that the Defendant has, indeed, not been served directly with process in this case. I flatly told the process service agent exactly where the Defendant could be found, so if he were required to serve the Defendant directly, he has no one to blame but himself for failing to do so.

I, the undersigned, do solemnly swear, under penalty of perjury, that the aforementioned statements are, to the best of my knowledge, the truth, the whole truth, and nothing but the truth, so help me God.

_____
SIGNATURE

ACKNOWLEDGMENT

On this day before the undersigned, a Notary Public, duly qualified and acting in and for the county and state aforesaid personally appeared RITA F. STEBBINS, known to me or satisfactorily proven, whose name appears as AFFIANT in the foregoing instrument, and stated that he/she had executed the same for the uses and purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 30th day of April, 2014.

NOTARY PUBLIC Jennifer Rockwell

My Commission Expires: 4-15-2020
SEAL

[Notary seal: STATE OF ARKANSAS, JENNIFER REDDELL, NOTARY PUBLIC, ID No. 12375558, My Comm. Expires April 15, 2020, NEWTON COUNTY]

-2-