UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**DAVID A. STEBBINS**                                                              **PLAINTIFF**

**VS**                                           **CASE NO. 1:14-cv-00961**

**EDUCAP, INC.**                                                                   **DEFENDANT**

**MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR SANCTIONS**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for the Court to sanction the Defendant for its numerous violations of Fed.R.Civ.P. 11.

1.      On October 21, 2014, the Defendant filed a patently-frivolous Motion to Dismiss, where it made the following patently frivolous legal argumetns:

(a)     The Defendant is asking the Court to violate literally CENTURIES of binding precedent, by asking the Court to summarily judge the weight of their evidence which, by their own admission, was never presented to Plaintiff for discovery or cross examination until that point, without even ATTEMPTING to offer anything remotely resembling a good faith argument for the reversal of this (literal centuries of) binding precedent. This constitutes a violation of Fed.R.Civ.P. 11(b)(2).

(b)     They argue, in violation of Fed.R.Civ.P. 11(b)(3).

(c)     They violate Fed.R.Civ.P. 11(b)(2) by claiming that they are allowed to retaliate against Plaintiff to their heart's desire (at least as far as the ADA is concerned), simply because they were not previously involved in any discrimination.

(d)     Maliciously attempting to disguise Arkansas procedural law as substantive law, in an attempt to make the Court think it was binding in this court.

2.      Plaintiff has already addressed these issues in-depth in his Response to the Defendant's

Motion for Summary Judgment, and thus will not repeat those arguments here, except to the extent necessary to show that the Defendant lacked even an arguable basis in law.

### REASONS FOR GRANTING MOTION FOR RULE 11 SANCTIONS

3. For the reasons set forth below, the Court should sanction the Defendant. Preferably with the striking of their pleadings.

### Applicable law and standards

4. "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to ... cause unnecessary delay, or needlessly increase the cost of litigation; ... the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." See Fed.R.Civ.P. 11(b).

5. When the Court determines that a violation of Rule 11 occurs, sanctions become mandatory. See *Brubaker v. City of Richmond*, 943 F. 2d 1363, 1382 (4th Cir. 1991) ("[R]ule 11 was amended in 1983 to make sanctions mandatory"). See also *Morris v. Wachovia Securities, Inc.*, 448 F. 3d 268, 276 (4thCir. 2006) ("[T]he sanctions instruction comes in terms of the mandatory 'shall,' which normally creates an obligation impervious to judicial discretion"). See also *Cabell v. Petty*, 810 F. 2d 463, 466 (4th Cir. 1987) ("If the standard of objective reasonableness is unsatisfied, sanctions are mandatory").

6. Additional guidance can be found in Rull 11's "Notes of Advisory Committee on Rules—1983 Amendment," which state, in pertinent part, "Experience shows that in practice Rule 11 has

not been effective in deterring abuses." This demonstrates that public policy is very much in favor of Rule 11 sanctions, since the Rule was modified, specifically because courts were not imposing the sanctions frequently *enough*!

7. Whether or not a violation has occurred is governed by the precedent of *Cabell v. Petty*, which states, in pertinent part, the following:

> "From both the plain language of the rule itself and the notes of the Advisory Committee, it is clear that the rule imposes upon an attorney a duty to conduct a prefiling examination of both the facts and the law before instituting legal process. While, as the Advisory Committee noted, the rule was not intended 'to chill an attorney's creativity,' it was unquestionably expected to 'streamline the litigation process by lessening frivolous claims or defenses.'
>
> If an attorney's conduct appears to fall within the scope of Rule 11, the court must first examine the actions at issue according to a standard of objective reasonableness. At this stage, the inquiry focuses only on whether a reasonable attorney in like circumstances could believe his actions to be factually and legally justified. If the standard of objective reasonableness is unsatisfied, sanctions are mandatory. (The court ... shall impose....')
>
> In concluding that the pleadings in this case only 'bordered' on a Rule 11 violation, the district court stated that the attorney 'may have intended to make a good faith argument for reversal of Pierson and Monell and then changed his mind... .' The court also found the tactics used by plaintiff's counsel did not constitute harassment.
>
> We must disagree with the district court's first conclusion while finding its second to be irrelevant to the essential inquiry. On the available record, we can see absolutely no objective indication that plaintiff's counsel ever intended to seek a modification of the law. Indeed, counsel's statements at oral argument indicate that the action was filed in a speculative effort to find someone financially liable for plaintiffs' injuries before the statute of limitations expired.
>
> Although the absence of deliberate 'harassment' may be a consideration in choosing an appropriate sanction, it is not a factor in determining a violation. Rule 11 does not prohibit merely intentional misconduct. Inexperience, incompetence, willfulness or deliberate choice may all contribute to a violation. Schwarzer, Sanctions under the New Federal Rule 11, A Closer Look, 104 F.R.D. 181, 201 (1985). The Advisory Committee noted that the amended rule set a standard 'more stringent than the original good-faith formula.' It was expected, therefore, that a 'greater range of circumstances' would trigger a violation."

8. The Defendant has committed a total of three (3) violations with their recent motion: One (1) violation of Rule 11(b)(3), and two (2) violations of Rule 11(b)(2).

### Violation No. 1: Improper summary judgment objective

9. The Defendant asks this Court to summarily dismiss the Complaint, claiming that their evidence is undisputed, simply because they CLAIM the evidence to be undisputed. They ask the Court to violate literally centuries of black letter law.

10. By the Defendant's own admission, they are producing exhibits which Plaintiff had never seen before. Instead of doing this the correct way, introducing them in 26(a) initial disclosures and giving Plaintiff a full and fair opportunity to discover the evidence, produce rebuttal evidence, and every other feature that makes the American adversarial system work, they instead of chosen to attempt to summarily block Plaintiff's access to the courts, altogether.

11. They argue that the material facts are undisputed, simply because they say they are. Their word, alone, causes a fact to become undisputed.

12. Their position on this Motion is against literally centuries of binding precedent. Nobody graduates from law school, or passes the bar exam in any state, without first knowing that summary judgment does not become appropriate simply because a moving party merely contends the requisite facts.

13. Plaintiff came forth with specific facts showing a genuine dispute as to the authenticity of the signature, but even before then, the Defendants were patently frivolous in arguing that their word, alone, entitled them to summary judgment.

14. Think about it: If all the Defendant had to do was deny the allegations, and that alone entitled them to summary judgment, litigation would never commence under any circumstances! It would be impossible to prove that anyone ever did anything.

15. Remember, it is not whether the attorney herself acted in bad faith, or if the attorney knew that her claim lacked merit. The standard is one of "objective reasonableness." See ¶ 7 of this Motion. In other words, would the Reasonable Person (as defined by the common law doctrine of the same name) have known that summary judgment is inappropriate when the moving party has only their word and exhibits which they

16. Thus, by asking the Court to summarily dismiss the action just on that basis alone, the Defendant is acting in blatant violation of Fed.R.Civ.P. 11(b)(2), and should be sanctioned accordingly.

### Violation No. 2: Ignoring ¶¶ 93-95 of Complaint

17. The Defendant states that Plaintiff has not requested injunctive relief. That is a blatant lie. Plaintiff has set aside an entire, three-paragraph-long section of his Complaint dedicated to requesting the very thing the Defendant states is lacking!

18. Anyone can make a mistake. However, this is not a mere mistake. This is blatantly disregarding a portion of the Complaint, and simply acting like that portion of the Complaint does not exist.

19. To write the phrase "cause and affect" (as opposed to "cause and effect") is a mistake. This, however, is blatant. They are looking for literally any excuse they possibly can find to get this case thrown out.

20. The Defendant *could have* argued that the specific injunction Plaintiff requested was not available as a matter of law. Plaintiff would still have checked the case law citation in search of a violation of Rule 11(b)(2), but at least they would have had a slight chance of prevailing.

21. However, that is not what the Defendant has alleged. They have alleged that Plaintiff never requested injunctive relief *at all*! They alleged that there was nothing to throw out,

nothing to find legally insufficient, and that is patently false.

22. Again, the standard of review is one of "objective reasonableness." The Court cannot simply rely on the Defendant's good faith; it must decide whether or not a reasonable person – one who can read and write at an adult level – would have noticed these three paragraphs upon reading the Complaint.

23. The answer to that question is "yes," and therefore, this constitutes a violation of Fed.R.Civ.P. 11(b)(3). Therefore, sanctions are mandatory.

### Violation No. 3: Saying that they are allowed to retaliate

24. Although this is not "black letter law," like the summary judgment issue (mostly due to the fact that this statute did not even exist in the first place less than a mere three decades ago), it is still patently frivolous.

25. The Defendant argues that the element of "statutorily protected activity" is only met if the Defendants being sued for retaliation were ever made defendants in any of the previous actions. They argue that, even if they were hired by someone else to harass Plaintiff, it does not matter because they themselves had nothing to do with Plaintiff's previous activities which would otherwise be statutorily protected.

26. The precedent they cite in a ludicrous attempt to support this frivolous legal argument makes it perfectly clear – assuming you read more than just one single sentence – that the Eighth Circuit was requiring that the initial discrimination claim which forms the basis of the statutorily protected activity must be nonfrivolous. The good faith pertains to the nature of the accusation, not the identity of the respondent! It was designed as a counter-measure to ensure that aggrieved employees/students/tenants/customers/whoever do not file suit at the drop of a hat, in order to harass their adversaries with baseless litigation, and simply disguise it as an ADA claim so that

their adversaries cannot seek adverse action against them for the harassment.

27.  If you can read and write at even a fifth grade level, you can see this for yourself:

> "Amir filed a grievance against Dr. Park in which he alleged that she coerced him into hospitalization and improperly prevented him from returning to the psychiatry clinic based upon his obsessive compulsive disorder. Filing such a grievance is a protected activity under the ADA as long as Amir had a reasonable good faith belief in the allegations contained in the grievance." See *id* at 1025.

28.  Thus, the Defendant has failed to meet its "objective reasonableness" standard under the precedent of *Cabell v. Petty*. Even reading the case law the Defendant itself claims to have reviewed, one finds that their own offered legal theory has already been refuted by the very precedent they seek to use to create it.

29.  Thus, sanctions are now mandatory in connection with this violation.

### Violation No. 4: Applicability of Arkansas procedural law.

30.  Plaintiff was initially going to withhold *moving* for sanctions on this particular issue, since he saw a possible grounds upon which the argument could have been made in good faith (see the upcoming section on *"sua sponte* findings of violations"). However, the more Plaintiff thinks about it, the less and less likely it appears that the Defendant even believed this issue themselves, and yet, they raised it anyway.

31.  The Defendant has attempted to cite the precedent of *Perrodin v. Rooker*, 908 S.W.2d 85, 87 (Ark. 1995) in a frivolous attempt to convince the Court that Plaintiff has not sufficiently alleged the element of "malice."

32.  They do it again when citing the precedents of *Simon v. Simmons Foods, Inc.*, 49 F.3d 386, 389 (8th Cir. 1995) and *Wolff v. Berkley, Inc.*, 938 F.2d 100, 103 (8th Cir. 1991) to show that "summary knowledge" of the activity is essential to the element of causal connection. They are saying that because Plaintiff did not plead this in his Complaint (which is, in and of itself,

patently false; see ¶ 77 of Plaintiff's Response to Defendant's Motion for Summary Judgment), the Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6), thus making it an issue of procedural law, not an affirmative defense on the merits.

33. Plaintiff has already explained – in his Response to the Defendant's Motion for Summary Judgment – how this argument is legally without merit. See ¶¶ 34-41 of that Response. As such, he will not repeat those details, beyond simply incorporating them by reference.

34. Plaintiff initially decided to give the Defense Counsel the benefit of the doubt. Maybe she was a rookie attorney, still in her first year, and probably did not yet realize that courts always follow their own procedural law, regardless of which state's substantive law applied. However, Plaintiff has recently realized something which strips the argument of its good faith:

35. If the Defense Counselor believed that Arkansas procedural (as opposed to substantive) law actually applied in this case, she would have also filed a "Motion to Vacate [005], Order Granting Leave to Proceed *In Forma Pauperis*." In this motion, they would have argued that Plaintiff cannot proceed *in forma pauperis* in this action, under the provisions of Arkansas Rule of Civil Procedure 72(d).

36. The Defendant's failure to raise that issue can only mean one thing: The Defense plainly knew that Arkansas procedural law was completely inapplicable in this case, in all its forms.

37. So, if the Defendant was aware of this legal nuance, why did they proceed to raise it, even one time?

38. There is only one explanation: With Rule of Civil Procedure 72(d), there is no case law interpreting or developing that Rule. How could there be? The Rule is so clear and unambiguous in its language that what few appeals get filed concerning that Rule will almost never need to take the form of a published opinion.

39. Thus, if the Defendant wanted to convince the Court to vacate Plaintiff's IFP Status, they would have no choice but to cite the Rule of Civil Procedure itself, meaning that the Court would instantly recognize it as procedural law, and dismiss it out of hand accordingly.

40. The fact pleading issue, however, has case law in abundance (indeed, Plaintiff was able to cite four cases – at least one per *decade* – to this effect). Thus, if they simply cited the case law, and not the Rule of Civil Procedure which it interprets, they could cross their fingers and hope that the Judge simply trusts the competency of their legal research, and simply believe that the case law is citing *substantive* law.

41. What they seem to forget, however, is that the *reason* the Courts have a policy of trusting the attorney's legal research is *because* of Fed.R.Civ.P. 11. This trust is not unwaivering, like a Christian trusting God's protection. Instead, the trust comes from the fact that attorneys are presumed to know the penalties they face if they are caught lying.

42. The Defense Counsel either totally forgot about that, or she purposefully thought to herself "Ok, I could get heavily sanctioned if I get caught lying. However, because I'm presumed to know the risk, the Judge is going to be much, much more hesitant to second-guess my research. Thus, I can make stuff up and I won't get caught, and since the Plaintiff in this case is *pro se*, he probably won't know the correct procedure to call me out on this fabricated legal research." Little did she know that Plaintiff is one of the few *pro se* litigants who actually knows what he is doing.

43. Whatever her mindset was, one thing is now perfectly clear: The Defendant was acting plainly in the knowledge that her legal precedent was completely inapplicable. They raised this argument, simply out of a malicious attempt to keep Plaintiff from having his day in court.

44. Thus, the Court *must* sanction the Defendants.

### Additional *sua sponte* findings of violations.

45. Plaintiff has only requested sanctions for four things. However, the Defendant's Motion for Summary Judgment was filled, from head to toe, with arguments that Plaintiff found to be patently meritless. However, Plaintiff has not asked for sanctions on them because he has noticed at least a sliver of reasonable grounds upon which these mistakes could be made.

46. For example, perhaps the Defense Counselor, in doing her research into Arkansas and 8th Circuit case law, simply did not come across the precedent of *Meagley v. City of Little Rock.*

47. However, the Court should remember that it has the authority to find a violation of Rule 11 *sua sponte*. See Fed.R.Civ.P. 11(c)(3). Plaintiff would have absolutely no objections if the Court were to exercise that discretion on all the other claims the Defendant has made.

### Sanctions which should issue

48. Sanctions are mandatory, but the court is only required to impose a *de minimus* sancton; see Fed.R.Civ.P. 11(c)(4). There is, however, one arbitrary restriction that is applicable in this case: the Court cannot impose monetary sanctions against the Defendant for Violations No. 1 and No. 3. See Fed.R.Civ.P. 11(c)(5)(A). For that reason, the court must get creative with the sanctions for those violations.

49. For Violation No. 2, however, there is no such restriction. For this violation, Plaintiff requests that he be compensated $28 per day for each day the Defendant does not file its Answer to Complaint, starting on October 21, 2014. The reason for this is because that is how much the Defendant is costing Plaintiff as a result of their delaying of this action.

50. By delaying the entry of Plaintiff's judgment, they are also delaying the accumulation of Plaintiff's post-judgment interest. The most likely rate of post-judgment interest is 0.1%.

51. By requesting $10,250,005.50 in damages, that means that Plaintiff will accumulate

$10,250.01 in post-judgment interest, per annum. Divide that by 365 days per year, and we get a total of $28.08 per day.

52. If the Defendant files its Answer to Complaint on November 21, 2014, that means that their Answer would have been delayed by thirty-one (31) days. This would make for a total of $868. This would be a *de minimus* sanction; it is not an astronomical amount, but it would sufficiently send a warning to the Defendant, lasting the remainder of this case, that simply ignoring the evidence that has actually been presented and simply pretending like it did not happen will NOT be tolerated.

53. Unfortunately, the Court must get a little creative with its sanctions for Violations #1, #3, and #4. The Court cannot simply forgo sanctions altogether, since sanctions are mandatory.

54. Plaintiff has a couple of suggestions for sanctions:

55. For Violation No. 1, Plaintiff suggests that the Court order that the Defendant not be allowed to advocate that the contract debt was legitimate, or that the signature located in the exhibits that they attached is, authentically, Plaintiff's signature.

56. This may sound excessive, but think of it this way:

(a) The Defendant is clearly attempting to block Plaintiff's day in court. It is only just that they be denied their's insofar as their attempt to do so was patently frivolous. Extreme? Perhaps. But remember that punishment should be proportionate to the egregiousness of the conduct itself, not the amount of damage inflicted. See *TXO Production Corp. v. Alliance Resources Corp.*, 509 US 443 (1993).

(b) They would still be allowed to contest the damages.

(c) Is there really any air of plausibility that the signature on the Defendant's exhibit is not Plaintiff's handwriting? The difference is night and day! Would they have even an

arguable factual basis to begin with?

(d)  Besides, if they DID have this contract bearing Plaintiff's signature, all along, why didn't they produce it in the original, state court action? The contents of ¶¶ 22-23 of this Complaint are hereby incorporated by reference. Their failure to attach the signature in the state court action is evidence that they did not have it at that time, meaning they just made it up.

57.  For Violation No. 3, the Court could order that it be established, by judicial notice, that Plaintiff has engaged in statutorily protected activities. The legal technicality that they argue was intended to discourage the filing of *frivolous* and *vexatious* litigation disguised as ADA claims for the purposes of protecting the filer. If they are going to misuse the technicality, they should not be allowed to use the technicality at all.

58.  Last but not least, for Violation No. 4, the Court could order that it be established, by judicial notice, that the element of "malice," as it pertained to Plaintiff's claim of malicious prosecution. Again, this may seem extreme, but in addition to all the arguments offered in ¶ 56, keep in mind that the Defendant is obviously trying to block Plaintiff's day in court. If they were not acting with malice before, they certainly are, now.

## CONCLUSION

59.  Let us recap the points:

(a)  The Defendant is asking the Court to weigh the evidence on a motion for summary judgment, holding it undisputed simply because they have witness statements to that effect. They are asking the Court to violate literal centuries of black letter law.

(b)  Furthermore, they are, by their own admission, attaching exhibits for the first time, and trying to prevent Plaintiff from having a full opportunity to discover and investigate the

evidence.

(c) They are simply ignoring portions of Plaintiff's Complaint, and basing motions to dismiss as if those portions did not exist.

(d) They are frivolously arguing that they are allowed to retaliate against Plaintiff simply because they have no formal connections to any of Plaintiff's previous defendants.

(e) They are trying to apply Arkansas procedural law to this case, plainly knowing that Arkansas procedural law is not applicable, instead trying to disguise it as substantive law by simply citing the case law and hoping that the Court does not go and verify their citations.

60. Even if the Court decides against the suggested sanctions, the Court is respectfully reminded that *some* sanctions are mandatory. The Defendant is attempting to block Plaintiff's day in court by trying to slap evidence on him that he has never seen before and giving him only a few weeks to compel witnesses on his behalf (as opposed to the standard six months for a full discovery), and they deserve to be punished for it.

61. Wherefore, premises considered, Plaintiff respectfully requests that the Defendants be issued appropriate sanctions for their three violations of Fed.R.Civ.P. 11 during their Motion for Summary Judgment.

So requested on this, the 5th day of November, 2014.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com