IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID A. STEBBINS | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:14cv961 |
| EDUCAP, INC., *et al.*, | ) |
| Defendants. | ) |

### DEFENDANT EDUCAP, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant, EduCap Inc. ("EduCap" or "Defendant"), by counsel, hereby submits the following Reply to Plaintiff, David A. Stebbins' ("Plaintiff") Opposition to Motion for Summary Judgment (the "Opposition Brief"), and in support thereof states as follows:

### I.   INTRODUCTION

Plaintiff's Opposition Brief fails to refute the arguments raised by EduCap in its Motion for Summary Judgment. Rather, Plaintiff relies upon speculation and the possibility that evidence might exist to counter EduCap's detailed Declaration and exhibits. Because Plaintiff has put forth no evidence to demonstrate that a genuine dispute of material fact exists with respect to Plaintiff's claims for malicious prosecution and violation of 42 U.S.C. § 12203 of the Americans with Disabilities Act ("ADA"), EduCap is entitled to summary judgment on all claims.

### II.   ARGUMENT

**A. Plaintiff Fails to Dispute Any Material Facts That Preclude Summary Judgment.**

In the Eastern District of Virginia, Local Rule 56(B) requires a brief in response to a summary judgment motion to include a specifically captioned section listing all material facts as

1

to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. Local Rule 56 further provides that the movant's undisputed facts are deemed admitted "unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.*; *see, e.g., Hadeed v. Abraham*, 265 F.Supp.2d 614, 616 (E.D. Va. 2003) (facts not contested pursuant to Local Rule 56(B) are admitted for the purposes of summary judgment); *Moore v. PYA Monarch, LLC*, 238 F.Supp.2d 724, 725 (E.D. Va. 2002) (adopting defendant's statement of undisputed facts in whole due to plaintiff's noncompliance with Local Rule 56(B)). In Plaintiff's Opposition, he includes a section entitled "Statement of Disputed Facts," yet this section only appears to dispute Paragraph 1 of EduCap's Motion for Summary Judgment. Pl. Opp. Br. ¶¶ 6-19. In this section, Plaintiff contends that he did not enter into a contract with EduCap, and that the contract attached to EduCap's Motion for Summary Judgment bearing his signature is forged. *Id.* at ¶¶ 8, 9. Plaintiff makes no reference in this section to the facts contained in Paragraphs 2 through 9 of EduCap's Motion for Summary Judgment, and as a result these paragraphs should be deemed admitted.

Additionally, Rule 56(e) of the Federal Rules of Civil Procedure requires Plaintiff to do more than just offer conclusory statements regarding the existence of triable issues of material facts. Rule 56(e) places the following burden on Plaintiff:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party.

2

"Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex v. Catrett,* 477 U.S. 317, 324 (1986). Plaintiff has failed to satisfy his burden under Rule 56(e). In the Opposition Brief, Plaintiff relies solely upon Plaintiff's Exhibit 1, an affidavit from Plaintiff's mother Rita Stebbins, in support of his claim that he "ever[sic] entered into a contract, debt, or promissory note with the Defendant."[1] Pl. Opp. Br. ¶¶ 7-8. Plaintiff's Exhibit 1, however, does not refute any of the facts contained in Paragraph 1 of EduCap's Motion for Summary Judgment. Rather, Plaintiff's mother provides background information regarding a student loan that she recalls the Plaintiff receiving, she does not specifically dispute that the loan wasn't entered into with EduCap, yet states that she does not recall a lender by the name of EduCap. *See* Affidavit of Rita Stebbins attached to Pl. Opp. Br., Exhibit 1. Ms. Stebbins further states that the Plaintiff did go into default on the loan, but that the default did not occur in March of 2013. *Id.* Additionally, Ms. Stebbins states that the co-signer on the loan was the Plaintiff's aunt. *Id.*

Plaintiff's reliance on Exhibit 1 is to no avail. Primarily, the fact that Plaintiff's mother does not recall the name of the lender that Plaintiff received the student loan from, does not demonstrate that a triable issue of fact exists. Second, there is no allegation in EduCap's Motion for Summary Judgment that the default on the loan occurred in March of 2013. Indeed, Exhibit D to the Shepherd Declaration attached to Defendant's Motion for Summary Judgment provides a Balance Sheet that shows the last payment occurring in October of 2012, not March of 2013. Lastly, the Loan Application attached as Exhibit A to the Shepherd Declaration, establishes that

---

[1] Plaintiff also attaches as Exhibit 2 an affidavit signed by Plaintiff, however, in Paragraph 20 of Plaintiff's Opposition he states that "[t]his affidavit will not be referenced anywhere in this Response Brief, but it is being offered for the sake of Plaintiff's own testimony counting as evidence." *See* Pl. Opp. Br., ¶ 20. As a result, it does not appear that Plaintiff is relying on Exhibit 2 to dispute any of the material facts raised in EduCap's Motion for Summary Judgment.

3

Plaintiff's aunt Carolyn A. Hardiner was the co-signer on the loan.[2] Consequently, none of the statements in Paragraph 1 of EduCap's Motion for Summary Judgment are directly contradicted by Plaintiff's Exhibit 1.

Because EduCap has introduced sworn testimony to support all of the facts in its Statement of Undisputed Material Facts and Plaintiff has failed to refute any of the facts with affidavits or evidence in the record, all material facts stated in EduCap's Motion for Summary Judgment remain undisputed and should be deemed admitted.

### B. Summary Judgment in Defendant's Favor on Count I (Malicious Prosecution) Is Proper.

Plaintiff contends that EduCap lacked probable cause when it filed a Complaint against him to collect on a delinquent student loan debt (the "Collection Action") because Plaintiff has never done any business with EduCap and Plaintiff's signature on the Promissory Note is allegedly forged. Pl. Opp. Br. ¶¶ 21-26. Even assuming, *arguendo,* that Plaintiff's unsupported allegations were true, EduCap would still have probable cause for filing the Collection Action against Plaintiff based upon the following undisputed facts:

1. The loan was originated by an individual with the name David A. Stebbins who resides in Arkansas. *See* Shepherd Decl. ¶ 4.

2. The loan disbursement check was issued to and endorsed by "David A. Stebbins," an individual with the same name as the Plaintiff.[3] *See* Shepherd Decl. ¶ 5.

3. A loan payment was made by Money Order by an individual by the name of David A. Stebbins. *See* Shepherd Decl. ¶ 6.

4. A loan payment was made by personal check drawn on the checking account of David A. Stebbins that shows an address that is the Plaintiff's mother's address (8527 Hopewell

---

[2] Rita Stebbins acknowledges that the co-signer on the student loan that Plaintiff entered into was Plaintiff's aunt, and this fact is evidenced by the Loan Application attached to the Shepherd Declaration which provides that Plaintiff's aunt is the co-signer on the loan. As a result, Plaintiff's Exhibit 1 provides support for EduCap's contention that a student loan was provided to the Plaintiff.

[3] Plaintiff appears to argue that his name was forged on the Loan Application and Promissory Note. However, Plaintiff does not address or dispute the fact that his signature also appears on the loan disbursement check and the personal check used to make a loan payment. *See* Pl. Opp. Br., generally.

Road, Harrison, Arkansas 72601). *See* Shepherd Decl. ¶ 6; Affidavit of Rita Stebbins ¶ 2.

5. Plaintiff's mother's address was used for service of the Collection Action, and Ms. Stebbins has indicated that she then forwarded the Collection Action Complaint to Plaintiff who filed a Motion to Dismiss for Lack of Proper Service. *See* Affidavit of Rita Stebbins ¶¶ 6-8.

Additionally, nowhere does Plaintiff assert that he advised EduCap, or that EduCap was aware of any alleged forgery of the Promissory Note, prior to the filing of the Collection Action. Based on the foregoing facts, it is clear that EduCap had sufficient probable cause to file the Collection Action against Plaintiff.

Plaintiff has also not put forth any evidence to establish malice, or to dispute Paragraph 9 of Zabrina Shepherd's Declaration stating that "EduCap was not contacted by any government officer and asked to file the Collection Action Complaint." *See* Shepherd Decl. ¶ 9. "The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Accordingly, Plaintiff's malicious prosecution claim should be dismissed with prejudice.

### C. Summary Judgment in Defendant's Favor on Count II (Violation of 42 U.S.C. § 12203) Is Proper.

Plaintiff's failure to offer any evidence to show that EduCap's legitimate, non-retaliatory reason for its decision to file the Collection Action against Plaintiff was a pretext for discriminatory animus is fatal to his claim.[4] All of the documents attached to the Shepherd Declaration, which include the Loan Application and Promissory Note, the loan disbursement check, and copies of payments made on the student loan all which reference Plaintiff David A. Stebbins, are evidence that EduCap had a non-discriminatory purpose to file the Collection

---

[4] EduCap's Motion for Summary Judgment mistakenly provides that the sole remedy sought by Plaintiff in his claim for ADA Retaliation is damages. EduCap notes that the Plaintiff has requested injunctive relief, in addition to monetary damages, however, Plaintiff's claim for retaliation still fails for the reasons discussed herein.

Action. This decision was based upon sound business and legal judgment. Where a defendant's alleged retaliatory decision is based on business judgment, the court cannot second guess the decision. *See Elam v. Regions Fin. Corp.*, 601 F.3d 873, 880-81 (8th Cir. 2010) (court does not sit as super-personnel department reviewing wisdom or fairness of business judgments, except to extent those judgments involve intentional discrimination).

Other than Plaintiff's unsupported contentions alleging that EduCap's actions amount to retaliation, Plaintiff has provided no evidence that a reasonable inference of retaliatory animus exists. "A party's unsupported self-serving allegation that [the subject] decision was based on retaliation does not establish a genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1088 (8th Cir. 2011). "Showing of pretext necessary to survive summary judgment requires more than merely discrediting [the opposing party's] asserted reasoning for [the alleged adverse action]; plaintiff must also demonstrate that circumstances permit reasonable inference of discriminatory animus." *Moten v. Warren Unilube, Inc.*, 448 Fed. Appx. 647, 648 (8th Cir. 2012). Because Plaintiff has presented no evidence that EduCap's proffered legitimate non-retaliatory reasons for filing the Collection Action against Plaintiff were pretextual, summary judgment is appropriate.

### III. CONCLUSION

For the reasons discussed herein, EduCap Inc. respectfully requests that its Motion be granted and that the Court dismiss the Plaintiff's Complaint in its entirety.

Dated: November 19, 2014

                                      Respectfully submitted,
                                      EDUCAP INC.

By:         /s/
            D. Margeaux Thomas
            Virginia State Bar No. 75582
            WILLIAMS MULLEN, P.C.
            8300 Greensboro Drive, Suite 110
            Tysons Corner, Virginia 22102
            Telephone: (703) 760-5216
            Facsimile: (703) 748-0244
            mathomas@williamsmullen.com
            *Counsel for EduCap Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2014, a copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all parties of record who have obtained CM/ECF passwords. Additionally, a copy was mailed via first class mail to:

> David A. Stebbins
> 123 W. Ridge Street, Apt. D
> Harrison, Arkansas 72601

>                /s/ D. Margeaux Thomas
> D. Margeaux Thomas (VA Bar # 75582)
> WILLIAMS MULLEN
> 8300 Greensboro Drive, Suite 1100
> Tysons Corner, Virginia 22102
> Telephone:  703.760.5216
> Facsimile:  703.748.0244
> mathomas@williamsmullen.com
> *Counsel for EduCap Inc.*