IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |  |
|---|---|---|
| DAVID A. STEBBINS | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 1:14cv961 |
| | ) | |
| EDUCAP, INC., *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT EDUCAP, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant, EduCap Inc. ("EduCap" or "Defendant"), by counsel, hereby submits the following Memorandum in Opposition to Plaintiff's Motion for Sanctions, and in support thereof states as follows:

### I.     INTRODUCTION

Plaintiff's Motion for Sanctions should be denied because it is premised on Plaintiff's unsubstantiated opinion that EduCap's Motion for Summary Judgment contains "patently frivolous legal arguments." *See* Pls. Mot. at 1. Plaintiff appears to take issue with the fact that EduCap has filed a dispositive motion in this case, and as a result he attempts to assign bad faith to EduCap's Motion for Summary Judgment by alleging violations of Fed. R. Civ. P. 11(b)(2) and (b)(3). Plaintiff's Motion for Sanctions should be denied because he has failed to comply with the mandatory 21-day "safe harbor" provisions of Fed. R. Civ. P. 11. Additionally, for the reasons set forth in EduCap's Motion for Summary Judgment, Plaintiff's allegations of bad faith are unfounded and meritless.

## II.     ARGUMENT

### A. Plaintiff Failed to Comply with the Mandatory 21-Day "Safe Harbor" Provision of Fed. R. Civ. P. 11; therefore Plaintiff's Motion for Sanctions Should be Denied.

Under Fed. R. Civ. P. 11(c)(2), a motion for sanctions must first be served on the alleged offending party and should not be filed with the Court unless, within 21 days after service of the motion, the challenged paper is not withdrawn or appropriately corrected. *See Ross v. R.A. North Development, Inc.,* No. 1:11CV0684, 2011 WL 7004136, at *3 (E.D.Va. Nov. 18, 2011); *Royal Ins. v. Lynnhaven Marine Boatel, Inc.* 216 F. Supp. 2d 562, 565 (E.D.Va. 2002); *Howell v. Nesbit*, 149 F. 3d 1168 (4th Cir. June 16, 1998) (unpublished). If the moving party files its motion for sanctions with the court within 21 days after serving it on the alleged offending party, sanctions should be denied. This 21-day "safe harbor" provision is an "absolute requirement." *See Howell,* 149 F.3d at 1168 *(citing Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997); *Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (Rule 11 procedures are "mandatory")).

In the instant case, Plaintiff e-mailed undersigned counsel his Motion for Sanction on November 12, 2014.[1] Plaintiff's Motion for Sanctions was filed with the Court on November 18, 2014. Plaintiff has failed to comply with the mandatory 21 day "safe harbor" provision, and as a result Plaintiff's Motion for Sanctions should be denied.

### B. Defendant's Motion for Summary Judgment Complies with Fed. R. Civ. P. 11.

Plaintiff appears to contend that EduCap's Motion for Summary Judgment was filed in bad faith. Plaintiff, however, provides no proof of bad faith but, instead, appears to challenge the substantive arguments and case law in support cited in EduCap's Motion for Summary

---

[1] Pursuant to Fed. R. of Civ. P. 5(b) service via electronic means is only valid if consented to in writing. Plaintiff has never requested, and undersigned counsel has never agreed to service via e-mail. Therefore Plaintiff's Motion for Sanctions was not validly served upon EduCap prior to the Motion for Sanctions being filed with the Court. Additionally, even assuming *arguendo,* that Plaintiff's Motion was properly served, it was not served 21 days prior to it being filed with the Court.

Judgment. Plaintiff's Motion for Sanctions is without merit and appears to be filed in a vexatious and abusive attempt to harass EduCap and to cause EduCap to incur legal fees.[2] For the reasons set forth in EduCap's Motion for Summary Judgment and Reply to Plaintiff's Opposition to Motion for Summary Judgment, the motion is well-grounded in fact, warranted by existing law, and not interposed for any improper purpose, therefore, Planitiff's Motion for Sanctions should be denied.

Dated: December 1, 2014

Respectfully submitted,
EDUCAP INC.

By: _____/s/_____
D. Margeaux Thomas
Virginia State Bar No. 75582
WILLIAMS MULLEN, P.C.
8300 Greensboro Drive, Suite 110
Tysons Corner, Virginia 22102
Telephone: (703) 760-5216
Facsimile: (703) 748-0244
mathomas@williamsmullen.com
*Counsel for EduCap Inc.*

---

[2] Plaintiff has a long history of vexatious and abusive litigation. *Stebbins v. Microsoft, Inc.,* No. 2:11-CV-1362-JCC, Order at 2, ECF No. 37 (W.D. Wash. Jan. 13, 2012)(finding plaintiff's claims "devoid of merit" and "wildly untethered from any valid interpretation of . . . law"); *Stebbins v. Google, Inc.,* No. 11-CV-03876-LHK, 2011 WL 5150879, at *5 (N.D. Cal. Oct. 27, 2011) (dismissing plaintiff's complaint "because Plaintiff has stated an indisputably meritless legal theory, and because plaintiff's factual contentions are clearly baseless"); *Stebbins v. Texas,* No. 3:11-CV-2227-N (BK), 2011 WL 6130403, at *3 (N.D. Tex. Oct. 24, 2011) (dismissing case as frivolous because case "has no basis in law or fact," and warning plaintiff that "if he persists in filing frivolous lawsuits . . . the Court may impose monetary sanctions and/or bar him from bringing any further action of any kind in forma pauperis and/or without prior court approval"); *Stebbins v. Kirkpatrick*, No. 3:11-CV-03042-PKH, 2011 U.S. Dist. LEXIS 121842 (W.D. Ark. Oct. 20, 2011) (dismissed for failure to state a claim upon which relief could be granted); *Stebbins v. Full Sail Univ.,* No. 3:10-CV-03090-PKH, 2011 U.S. Dist. LEXIS 51265 (W.D. Ark. May 12, 2011) (dismissed for failure to follow court order).

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2014, a copy of the foregoing document was filed electronically with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all parties of record who have obtained CM/ECF passwords. Additionally, a copy was mailed via first class mail to:

>David A. Stebbins
>123 W. Ridge Street, Apt. D
>Harrison, Arkansas 72601

>_____/s/ D. Margeaux Thomas_____
>D. Margeaux Thomas (VA Bar # 75582)
>WILLIAMS MULLEN
>8300 Greensboro Drive, Suite 1100
>Tysons Corner, Virginia 22102
>Telephone:  703.760.5216
>Facsimile:  703.748.0244
>mathomas@williamsmullen.com
>*Counsel for EduCap Inc.*