IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:14-cv-961 |
| | ) |
| EDUCAP, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's motion for summary judgment.

After David Stebbins ("Stebbins" or "Plaintiff") failed to make timely payments on a student loan, the lender, EduCap, Inc. ("EduCap" or "Defendant"), filed suit in Arkansas to collect the unpaid loan balance of $4,444.28 plus interest, attorney fees, and costs. Alleging this ostensibly routine collection action was in fact a violation of the Americans with Disabilities Act of 1990 ("A.D.A.") and malicious prosecution under Arkansas law, Plaintiff filed this lawsuit in which he seeks injunctive relief plus over $10,000,000 in damages. Because Plaintiff has put forth no evidence indicating Defendant's Arkansas lawsuit was anything other than a standard attempt to recover on an unpaid loan, summary judgment in Defendant's favor is appropriate.

Plaintiff is a resident of Harrison, Arkansas; Defendant is a not-for-profit organization based in Sterling, Virginia. On August 15, 2007, Plaintiff executed a written "combined loan application and promissory note" for a $5,000 student loan from Defendant under its "Loan to Learn" program. His application, which was co-signed by his aunt, Carolyn Hardtner, was approved and Plaintiff received the proceeds of the loan on August 21, 2007. He made some payments to Defendant, but ultimately defaulted on the loan.

Under the terms of the loan agreement, Defendant had the right to declare the entire outstanding loan amount immediately due in the event of default, which it did on January 2, 2014 in the Circuit Court of Boone County, Arkansas, seeking $4,444.28 plus interest, attorney fees, and costs. Upon EduCap's motion, that case was dismissed without prejudice to refiling on May 14, 2014. Two months later, on July 28, 2014, Plaintiff filed this lawsuit, alleging Defendant's Arkansas collection action was an attempt to exploit him financially because he has Asperger's Syndrome. He claims Defendant had no intention of seeking a judgment in the Arkansas court, that its true motive was merely to intimidate Plaintiff into a settlement agreement, and that Defendant had no evidence supporting its lawsuit. Plaintiff argues this constitutes unlawful "retaliation" under § 503 of

the A.D.A. as well as malicious prosecution under Arkansas law. Defendant now moves for summary judgment.

Since 1990, the A.D.A. has aspired "to provide a clear and comprehensive national mandate for the elimination of discrimination against persons with disabilities" in the contexts of employment, public services, and public accommodations and services operated by private entities.[1] 42 U.S.C. § 12101(b)(1). To this end, § 503 prohibits retaliation and coercion against individuals that oppose unlawful acts, make a charge or allegation, or otherwise exercise their rights under the A.D.A. Id. § 12203. "To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012).

This Court has supplemental jurisdiction over Plaintiff's malicious prosecution claim, which is governed by Arkansas law, under 28 U.S.C. § 1367(a). In Arkansas, "the essential elements of malicious prosecution are: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3)

---

[1] Retaliation claims are almost always brought in the employment context. See, e.g., Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1181 (11th Cir. 2003) (addressing retaliation outside the employment context for the first time).

absence of probable cause for proceedings; (4) malice on the part of the defendant; [and] (5) damages." Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox, 922 S.W.2d 327, 331 (Ark. 1996). "Malice," defined as "any improper or sinister motive for instituting the suit," may be inferred from a lack of probable cause when surrounding circumstances indicate a sinister motive. Milton Hambrice, Inc. v. State Farm Fire & Cas. Co., 114 F.3d 722, 725 (8th Cir. 1997).

Summary judgment is appropriate when a movant demonstrates there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Here, summary judgment in Defendant's favor is appropriate because Plaintiff has failed to establish a prima facie case under either of his asserted grounds for relief. Defendant's Arkansas lawsuit against Plaintiff was nothing more than a routine collection action taken by a lender against a borrower in default on his loan.

Plaintiff lacks standing to make his A.D.A. claim. He was never employed by Defendant and Defendant, a private entity, does not operate a public accommodation or service. Even if Plaintiff's A.D.A. claim is considered, he has failed to articulate any protected activity in which he engaged and therefore cannot establish a prima facie retaliation claim. The facts of this case do not suggest retaliation under the A.D.A. in any way.

Plaintiff's malicious prosecution claim fails under Arkansas law because EduCap undeniably had probable cause to bring its Arkansas lawsuit. Defendant produced a copy of Plaintiff's signed loan agreement as well as a balance sheet indicating an outstanding principal of $4,444.28, unpaid interest of $263.89, and $40.00 in late charges. Because probable cause—the unpaid loan—clearly existed, the motivation behind EduCap's suit is irrelevant. For the same reason, it is unnecessary for this Court to determine whether EduCap's lawsuit was "terminated in favor of" Stebbins when the case was dismissed without prejudice upon *EduCap's* motion. See Benedetto v. Justin Wooten Constr., LLC, 372 S.W.3d 391, 397 (Ark. App. 2009) ("[W]hether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought…depends upon the circumstances under which the proceedings are withdrawn."). The clear presence

of probable cause for EduCap's Arkansas lawsuit ends this Court's analysis of Stebbins' malicious prosecution claim.

Plaintiff's unsupported protestations—that he never heard of EduCap prior to filing this lawsuit and that the signature on the loan application is a forgery—are unpersuasive.[2] That Plaintiff made payments on his loan prior to defaulting is fatal to his argument that the loan application produced by Defendant was the result of foul play. In all likelihood, Plaintiff's forgery allegations are nothing more than a last-ditch effort to escape his obligations under the loan agreement.

Plaintiff has not established a prima facie case of retaliation under the A.D.A. or malicious prosecution under Arkansas law. Because there are no genuine issues of material fact that require resolution, Defendant is entitled to summary judgment.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 23, 2014

---

[2] The name "EduCap" does not appear on the loan application, but the name of Defendant's loan program, "Loan to Learn," is prominently displayed. When he applied for his loan, Plaintiff may not have been aware the Loan to Learn program was operated by EduCap. Still, EduCap was the named plaintiff in the Arkansas lawsuit; any confusion Plaintiff had about EduCap's role should have ended then.