

## UNTED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**DAVID A. STEBBINS**                                                          **PLAINTIFF**

**VS**                                    **CASE NO. 1:14-cv-00961**

**EDUCAP, INC.**                                                               **DEFENDANT**

## <u>MOTION FOR RECONSIDERATION</u>

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion

and incorporated brief in support thereof for the Court to reconsider its judgment.

1.      In its memorandum opinion, this Court explained its reasoning for granting the

Defendant's motion for summary judgment with the following statement:

> "Plaintiff's unsupported protestations - that he never heard of Educap prior to
> filing this lawsuit and that the signature on the loan application is a forgery - are
> unpersuasive. That Plaintiff made payments on his loan prior to defaulting is fatal
> to his argument that the loan application produced by the Defendant was the result
> of foul play. In all likelihood, Plaintiff's forgery allegationsa re nothing more than
> a last-ditch effort to escape his obligations under the loan agreement."

2.      This essentially amounts to a judicial determination of credibility. It felt that Plaintiff's

testimony A) that he never entered into any contract with the Defendants, B) that his signature is

a forgery, and C) that he never made any payments, and that any evidence of these payments are

equally forged, are simply "unpersuasive."

3.      That is a judicial weighing of the evidence, and a clear determination of credibility.

4.      The law is clear on this issue:  A district court, in ruling on a motion for summary

judgment, may not do either of those things!  "[T]he court must draw all reasonable inferences in

favor of the nonmoving party, and it may not make credibility determinations or weigh the

evidence." See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 US 133, 150 (2000). See also

*Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F. 3d 639, 645 (4th Cir. 2000).

5.      The Court would have the authority to issue the opinions it has ... if it were issuing a verdict after a bench trial!  This, however, was a motion for summary judgment!

6.      Plaintiff mentioned this counter-argument against the Motion for Summary Judgment (Doc. 35, ¶ 2).  However, this Court, in its memorandum opinion, completely ignored the case law citations.

7.      The Court's actions on this matter effectively amount to a judicial usurpation of the jury's function.  The Court has a duty to correct its errors.

8.      Wherefore, premises considered, Plaintiff requests that the motion for reconsideration be granted.  So requested on this, the 7th day of January, 2015.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com